## WYOMING COUNTY.

JANUARY TERM, 1882, Nos. 245 AND 246.		MARCH 15TH, 1882.

## Barnes's Appeal.

## Barnes *versus* The Commonwealth.

1. Proceedings for desertion, under the Act of April 13th, 1867, P. L., p. 78, are not in the course of the common law, and a writ of error is not therefore a proper remedy.

2. Under this act the Court has jurisdiction whenever a husband shall neg-lect to maintain his wife and children, without reference to where the original desertion may have been.

3. A demurrer to the evidence in a proceeding of this character does not make it a part of the record.

4. The fact that one of the associate judges of the Court before which the case was tried was an uncle of the prosecutrix, was no ground for a change of venue.

5. That the information made before the justice was not filed in court at the time of filing the transcript is immaterial.

Before SHARSWOOD, C. J. ; MERCUR, GORDON, PAXSON, TRUN-KEY, STERRETT, and GREEN, JJ.

*Certiorari sur* appeal, and error to the Court of Quarter Sessions of *Wyoming County.*

Information, under the Act of April 13th, 1867, P. L., p. 78, by Sarah L. Barnes against Wesley D. Barnes, setting forth "that Wesley D. Barnes, her husband and the father of her two children, Winnie D. Barnes and Wesley D. Barnes, Jr., being within the limits of this Commonwealth, has sepa-rated himself from his wife and children without reasonable cause, and has neglected and still does neglect to maintain his said wife and children." A warrant was issued May 26th, 1881, and was returned served the following day, when bail was entered by defendant to appear at the next term of court. The warrant and transcript were filed in the Quarter Sessions June 4th, 1881. On the 6th of June fol-lowing the defendant filed a petition for a change of venue, upon the ground "that the said court is constituted and composed of Hon. T. J. Ingham, President Judge, Hon. James Phœnix and Hon. Paul Billings, Associate Judges, and your petitioner is advised that two, at least, of said judges are required to constitute and hold said Court; that Hon. James Phœnix is an uncle and near relative of the pros-ecutrix in this case; that Hon. Paul Billings has lived in the same town (Tunkhannock) with the said prosecutrix,

[Barnes's Appeal—Barnes *v.* The Commonwealth.]

for some time past, and has heard her allegations, and has recognized her as the wife of your petitioner, and formed an opinion on that question adverse to your petitioner, who denies that he was ever married to the said prosecutrix."

The Court thereupon granted a rule to .show cause why the venue should not be changed, which rule was discharged August 13th, 1881. Specifications were filed by the prosecutrix June 16th, 1881, setting forth substantially that the prosecutrix and defendant were married at Washington, D. C., March 4th, 1874, at which date they were both residents of West Pittston, Luzerne County, Pa.; that the ceremony was performed by —— Kelley, whom the defendant introduced as a minister of the Methodist Church, and that the certificate of marriage given at the time .had been destroyed by the defendant; that Winnie D. Barnes was born at San Francisco, California, December 18th, 1874, and Wesley D. Barnes at the same place June 3d, 1878; that the desertion took place in Pennsylvania, in May, 1874, under the following circumstances:

After the marriage, prosecutrix and defendant returned to West Pittston, and lived in prosecutrix's house at that place, and cohabited as husband and wife until the 20th of May following, when defendant left and went to Mehoopany, Pa., whence he wrote to prosecutrix that if she wanted to live with him she must sell all she had and go West ; whereupon the prosecutrix sold all her personal property and a portion of her real estate in West Pittston, and joined defendant at Mehoopany, and went together to San Francisco, Cal. Defendant took possession of the proceeds of the sale of said property and other funds of the prosecutrix, and after so obtaining possession of her property, consisting of cash to the amount of three thousand dollars, he denied that he was the husband of the prosecutrix, represented himself to be a single man, and in every way proved unfaithful to the marriage vows. And the prosecutrix alleges and will show to the satisfaction of the Court that the desertion took place at the place above stated on or about the 20th of May, 1874, and that the request of defendant for the prosecutrix to join him at Mehoopany and go West was a trick and fraud on the part of the defendant to induce the prosecutrix to convert her property into money and leave her home and friends that he might obtain possession of her property. Defendant did not provide her with any means of support or assistance after the above date, and has not provided her with any means of support or assistance since she left her home in Pittston, as above stated, neither has he returned to her her said property, or in any way accounted for the same.

[Barnes's Appeal—Barnes *v*. The Commonwealth.]

A large amount of testimony was taken before a commissioner in support of these specifications.

On the 15th of November, 1881, the defendant filed a demurrer to the specifications, the sufficiency of the record, and the evidence, upon the ground that,

1st. The original information, charging him with the crime of desertion, has not been duly filed in this Court, wherefore he alleges that this Court never obtained jurisdiction over this defendant.

2d. That this Court has not jurisdiction to try or decide this case, in that the Hon. James Phœnix, one of the judges of this Court, is an uncle and near relative of the prosecutrix, and therefore disqualified from acting, and this defendant insists upon having his case heard and decided before and by a full Court, every member of which has power to act and decide therein.

3d. The whole evidence on the part of the Commonwealth is insufficient in law to justify this Court in deciding this case against the defendant in that, First, the marriage having been alleged to have been performed and celebrated in the city of Washington, District of Columbia, the evidence thereof required by the act of Congress has not been furnished nor offered on the part of the Commonwealth. Second, There is no evidence whatever of a desertion having taken place in this Commonwealth, but on the contrary the desertion, if any took place, is shown thereby to have been in the State of California, and without the jurisdiction of this Court. Third, that the whole evidence on the part of the Commonwealth shows, or tends to show, that the parties, prosecutrix and defendant, are citizens of the said State of California, and were domiciled therein at the time of the commission of the alleged criminal acts, and that the same fails to show the commission of any criminal, or supposed criminal, act by the defendant within the jurisdiction of this Court. Fourth, That any and all offences charged in the record or evidence in this case have been barred by limitation. Fifth, The evidence on the part of the Commonwealth shows that the defendant was and is justified in separating himself from the prosecutrix.

4th. That the specifications on file on the part of the Commonwealth do not set forth sufficient to give to this Court jurisdiction of this case.

This demurrer the Court, January 17th, 1882, overruled.

November 15th, 1881, leave was granted to the counsel for the complainant to file the information made before the justice, without prejudice to the defendant's plea, that it was not filed at the proper time, and the information was then filed.

There was much evidence on the part of the defendant. The Court, INGHAM, P. J., found the facts to be, that the parties " were actually married in the city of Washington ;" that the domicil of the parties, at the time of the separation, was in the State of California ; that the defendant, being within the limits of the Commonwealth, has neglected to maintain his children. It held that it had no jurisdiction to compel defendant to support the prosecutrix, and decreed that the defendant " pay the sum of six dollars per month, payable at the end of each month, for the support of Winnifred D. Barnes, born 18th December, 1874, and six dollars per month for the support of Wesley D. Barnes, Jr., born ——, 1878, to be paid monthly to Mrs. Sarah L. Barnes, for their maintenance until they are respectively twenty-one years of age, unless, upon application to this court by the father or guardian duly appointed, this order shall be so far modified as to change the person to whom the sum shall be paid. And the said Wesley D. Barnes is ordered to give security in the sum of fifteen hundred dollars to comply with this order, and shall pay the costs of this proceeding, and stand committed until the sentence is complied with."

The defendant filed exceptions to the decree, and made a motion in arrest of judgment, which was overruled by the Court.

Counsel for defendant then took out a certiorari to January Term, 1882, No. 245, and a writ of error to the same Term, No. 246, assigning, as errors, that the Court erred in refusing to change the venue; in proceeding to try and decide the question without the intervention of a jury; in permitting the original information to be filed on the 15th of November, 1881; in overruling the first, second, third and fourth points of the demurrer ; in the findings of fact; in overruling the motion in arrest of judgment ; in various admissions of evidence; in determining the fact of marriage, and in entering the decree.

*E. G. Butler* and *W. E. & C. A. Little,* for appellant and plaintiff in error.

The Act of March 18th, 1875, requires the Court to change the venue, when the judge, required to try the cause, is a near relative of the prosecutor. The defendant had the right to have an unprejudiced, unrelated and full Court.

If the existence of the marital relation, when disputed, may be determined without a jury, under the Act of April 13th, 1867, it is unconstitutional, but it has no such purpose.

The act requires that the information shall be returned to the next Court of Quarter Sessions. In this case, it was the

[Barnes's Appeal—Barnes *v.* The Commonwealth.]

third Court. In a criminal proceeding, there must be a strict compliance with the provisions: Commonwealth *v.* Keeper of the Jail, 4 S. & R., 506; Zack *v.* Penna. R. R. Company, 1 Casey, 394; O'Harra *v.* Penna. R. R. Company, 1 Casey, 445; Keller *v.* Commonwealth, 21 P. F. Smith, 413; Gallagher *v.* Neal, 3 P. & W., 183; Cake *v.* Jacoby, 2 W. N. C., 391.

California being the domicil, and the desertion having taken place there, the Court had no right to try the case: Bailey's Case, 27 Legal In., 399; Wilmarth's Case, 7 Luz. Leg. Reg., 197.

There is but one act complained of, and it affects the mother and children equally. This act is a separation within the limits of the Commonwealth, with a refusal to maintain. The two together constitute the crime. It is not a continuing offence: Gise *v.* Commonwealth, 31 P. F. Smith, 428.

No distinction of the kind, made by the Court, has been made in any of the reported cases.

*C. E. Terry,* district attorney, and *Sittser & Harding,* for the appellee and defendant in error.

It cannot be that the law in this State is such that a father may live next door to his minor children, refusing to support or maintain them, and when brought into a court of justice, trample upon their claims, and free himself from his obligation by asserting and proving that he abandoned his family in an adjoining State. Where a statute inflicts a penalty, as the pillory, or a fine, it is then taken strictly, but when it operates only to remedy an existing evil, or to prevent a continuance of an offence, it is to be construed liberally: Intro. Blackstone Com., 88. The Act of 13th April, 1867, provides the mode of proceeding, and makes the wife a competent witness. Sec. 3. The husband cannot, by denying the marriage, change the manner of proceeding, or oust the jurisdiction of the Court, or make the wife incompetent.

The defendant, on the first day of the term, to which the warrant was returnable, filed his petition, setting forth fully the charge, on which he was arrested, denying all the allegations contained it, and praying for specifications and a change of venue. The warrant and transcript were filed, each containing a complete copy of the charges in the information, and defendant did not except to the jurisdiction of the Court, till he had come in, and renewed his recognizance at the second term, and the Commonwealth had been to great expense taking the testimony. Defendant had notice of the charge against him, denied it, and made use of the means provided by the Court to conduct his defence.

[Barnes's Appeal—Barnes *v.* The Commonwealth.]

MARCH 27TH, 1882.—PER CURIAM : The proceedings below were not in the course of the common law, and a writ of error, therefore, is not a proper remedy.

No appeal is given to this Court. The certiorari, however, brings up the record, and we can review it so far as to ascertain that the Court had jurisdiction, and the proceedings were regular. We think it very clear that the Act of April 13th, 1867, P. L., 78, gives the Court jurisdiction, whenever a husband shall neglect to maintain his wife or children, without reference to where the original desertion may have been. We cannot inquire into the merits upon this writ. It is a mistake to suppose that a demurrer to the evidence, in a proceeding of this character, makes it a part of the record. We see nothing on the record which raises any other question but that of jurisdiction.

The challenge to one of the associate judges was no ground for a change of venue. He was not the judge by law required to decide the case. The other two judges were entirely competent. Nor was the fact that the information was not filed with the transcript material.

Proceedings affirmed. Writ of error quashed in January, 1882, No. 246.