## Commonwealth v. Plummer, Appellant.

*Desertion—Nonsupport — Quarter sessions jurisdiction — Information—Return of magistrate.*

The court of quarter session of any county where a complaint is made of desertion and nonsupport has jurisdiction of the proceedings, without regard to the residence or settlement of the defendant and without reference to where the original desertion took place.

26, (1924).]         Syllabus—Opinion of the Court.

In such case, the proceedings are not fatally defective because the alderman failed to return with the transcript a copy of the information upon which the warrant was issued.

Argued December 10, 1923.   Appeal, No. 313, Oct. T., 1923, by defendant, from judgment of Q. S. Lackawanna Co., Oct. Sessions, 1923, No. 960, making an order of support in the case of Commonwealth of Pennsylvania v. George L. Plummer.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Petition for order for support.   Before MAXEY, J.

The facts are stated in the opinion of the Superior Court.

The court directed the defendant to pay the sum of $75 per month and give security for $500.   Defendant appealed.

*Error assigned* was the order of the court.

*A. A. Vosburg,* for appellant.

*Joseph B. Jenkins,* and with him *George Morrow,* for appellee.

OPINION BY GAWTHROP, J., February 29, 1924:

The defendant was arrested upon a warrant issued by an alderman of Lackawanna County on complaint of his wife charging him with desertion and nonsupport under the provisions of the Act of April 13, 1867, P. L. 78.   The record shows that after the case was regularly returned to the Court of Quarter Sessions of Lackawanna County a hearing was had and an order made requiring the defendant to pay seventy-five dollars per month for the support of his wife and to give security for compliance with the order.   This appeal followed and the action of the court below in assuming jurisdiction of

the case and making the order is assigned for error. The learned counsel for the defendant states the questions raised thus: (1) Can a warrant for nonsupport without desertion be issued in a county other than that of the common domicile of husband and wife and be served in the county of the common domicile? (2) Can such proceedings be maintained where no copy of the information upon which the warrant was issued was sent in with the transcript?

(1) This question is not an open one. It was settled adversely to appellant's contention by this court in Com. v. Tragle, 4 Pa. Superior Ct. 159, in which we said of the Act of 1867: "Under its provisions the court of quarter sessions of any county where the complaint is made has jurisdiction of the proceedings, without regard to the residence or settlement of the defendant, and without reference to where the original desertion took place: Demott v. Com., 64 Pa. 302; Keller v. Com., 71 Pa. 413; Barnes v. Com., 2 Penny. 506." It is urged that the case at bar is not ruled by Com. v. Tragle, supra, and is distinguished from it by the fact that there was a charge of desertion in that case but merely of nonsupport in this. There arise under this statute two classes of cases, the first, in which the husband separates himself from his wife, and the second, where the husband neglects to maintain his wife, although he may still reside with her. There is no difference in the procedure in the two classes of cases. The act expressly authorizes the information to be made before "any alderman or justice of the peace of the Commonwealth." The boundaries of the state are the territorial limits within which the proceeding may be instituted: Com. v. Tragle, supra.

(2) That the proceedings are not fatally defective because the alderman failed to return with the transcript a copy of the information upon which the warrant was issued is a closed question and was settled by this court in Com. v. Hart, 12 Pa. Superior Ct. 605. In that case the jurisdiction of the court of quarter sessions was chal-

lenged because no information or warrant was filed therein. This court followed Barnes v. Com., 11 W. N. C. 375, holding that the failure to file the information or warrant in the court of quarter sessions was immaterial. Section 2 of the Act of 1867 provided: "The information, proceedings thereon and warrant shall be returned to the next court of quarter sessions," etc. The section was amended by the Act of June 15, 1917, P. L. 614, but the provision for the return is identical with that of section 2 of the Act of 1867, except that the return is to "the next court of quarter sessions or other court having jurisdiction thereof. The words "other court having jurisdiction thereof" are new. These words require no modification of the rule, that the return of the information itself is not necessary if the transcript of the justice returned by him shows that a proper information had been filed with him, and that the defendant had been arrested and been held in bail. See Com. v. Hart, supra. The decision of the able judge of the Court of Common Pleas of Fulton County in Com. v. Dudley, 29 Dist. Reports 175, relied upon by appellant's counsel does not support his contention to the contrary, but is in harmony with our conclusion.

Order affirmed and appeal dismissed with costs on appellant.