## Commonwealth v. Held.

*Robert E. Haas*, for Commonwealth; *Linn H. Schantz*, for defendant.

RENO, P. J., December 15, 1930.—Several questions raised by the motion in arrest of judgment can be answered with ease and confidence. Defects in an information cannot be made the subject of a motion to quash nor, *a fortiori*, of a motion in arrest of judgment: Com. *v.* Brennan, 193 Pa. 567. Neither can the competency of witnesses be raised by that motion: Com. *v.* Penna. R. R. Co., 72 Pa. Superior Ct. 353.

The larger question presents a novel viewpoint. This defendant would, it seems, rather be tried in Dauphin County. He may have sound and moving reasons, but it is safe to assert that there are few men who prefer trial by strangers to one by neighbors. He was indicted for failing to report "the

number of gallons of liquid fuel purchased, sold or used . . . during the preceding month" under the Act of May 1, 1929, P. L. 1037, section 8. Because the act provides in section four that he is obliged to transmit the report to the Department of Revenue, which maintains offices in Harrisburg, he argues that the crime of failing to report is committed in Harrisburg and that the Dauphin County court has exclusive jurisdiction of the offense. Happily, his counsel does not endorse this tenet, otherwise he would have filed a brief to support it.

Even so, defendant is entitled to a decision of the question. Starting with the common law, one observes that the county where the offense was committed had venue. This is generally true in this country, and in Pennsylvania it is recognized by the fundamental law: Constitution, article I, section nine. When the offense consists in an act committed, only slight difficulty is experienced in determining the venue, and that difficulty arises only in cases where the offense consists of several acts committed in various places, e. g., false pretense, forgery, embezzlement, abortion, conspiracy: 1 Brill, Criminal Law Cyclopedia, 526, et seq. The test in these border-line cases is: Where was the offense completed? But when, as here, the offense consists of an act omitted, the test is not always where was the act to be performed, or where was it to be completed. The question may well be where is the corpus, the thing or the person in respect of which the law requires something to be performed. Thus, in nonsupport cases, the duty to perform the act of maintenance arises wherever the dependent may be and the offense of omitting the act of support may be prosecuted wherever the dependent is at the moment the warrant issues, even though the dependent and the defendant have never maintained a family relation in that jurisdiction: Com. v. Plummer, 83 Pa. Superior Ct. 26; Com. v. Tragle, 4 Pa. Superior Ct. 159. That is, that court has jurisdiction in which is the person in respect to whom a duty is enjoined upon defendant. The rule is the same when the duty concerns objects and not persons. Here, the duty to report is enjoined in respect to certain gasoline stations; the reports are to be "transmitted . . . from the respective places of business of such dealer or consumer:" section eight. In other words, irrespective of the residence of the dealer, the duty which the law has laid upon him relates to his "place of business." From there the report is to be transmitted and, to it, the sales and purchases there made, the report is to relate. It follows that the courts of that county have jurisdiction in which is located the corpus, the thing, in this instance "the place of business" in respect to which something, in this instance a report, is required.

To this should be added that we contemplate with deep concern the consequences of the opposite conclusion. If, after having conferred immense powers of government upon state officers and made terrifying assaults upon our cherished ideals of local self-government, the legislature has at last transferred trials of criminal cases arising out of the failure to comply with the numerous laws which require the filing of reports at the seat of the government to Dauphin County tribunals, requiring defendants to answer charges in courts not "in the vicinage," we are of all people most miserable. We are not convinced that the persistent and insidious enemies, the sappers and miners of local self-government, have prevailed, upon the legislature to go that far. When the legislature succumbs to that influence it will at least announce the annihilation of our ancient rights and liberties by explicit legislation.

Now, December 15, 1930, the motion in arrest of judgment is overruled. Defendant will appear for sentence on December 22, 1930, at 10 A. M.

From Edwin L. Kohler, Allentown, Pa.