# Keller *versus* Commonwealth.

1. The local act (Lancaster and other counties) of February 27th 1867, was repealed by the general Act of April 13th 1867 (Desertion), so far at least as the provisions are inconsistent.

2. The Act of April 15th 1869 was intended as a supplement to the Act of April 13th 1867, although *entitled* a supplement to the Act of February; it did not revive the latter act.

3. A resident of one county is amenable to the Quarter Sessions of another in which the charge of desertion is made.

4. Complaints of desertion and decrees in favor of defendant in the Lancaster county sessions in 1867 were not a bar to a complaint in Berks county in 1871.

5. A grandfather sued a father in Lancaster county for maintenance of his children, and obtained an award which was appealed from. This was

[Keller *v.* Commonwealth.]

no bar to proceedings against the father on complaint of the grandfather in the Sessions of Berks, for desertion and maintenance of the children.

6. On complaint by a grandfather against the father for desertion and maintenance, a decree could not be made against the defendant in favor of the complainant for a sum of money for past maintenance : the complainant's remedy for that was by action.

7. A defendant willing to take his children and maintain them is entitled to their custody, and should not be compelled to pay another for their support.

8. Demott *v.* Commonwealth, 14 P. F. Smith 305, adopted.

March — 1872. Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ. AGNEW, J., at Nisi Prius.

Appeal from the decree of the of Quarter Sessions of *Berks county :* No. 56, to January Term 1872.

On the 2d of March 1871, Jacob Good made complaint before an alderman of the city of Reading against Frederick Keller, that he had deserted Mary Ann his wife, who was the daughter of the complainant, and that Keller left two children, whom he neglected to maintain.    The defendant was brought before a justice of the peace of Lancaster county, who bound him over to appear at the Court of Quarter Sessions of Berks county, on the 7th of August then next.

The defendant then appeared, and protesting that "he is not guilty," pleaded :—

1.  That the said court ought not to take cognisance of the complaint, because the alleged desertion, . the offence charged, took place, if at all, in Lancaster county, where the parents of the children resided, whence they were taken by this complainant, and where the defendant ever since resides.

2.  That the offence charged was heretofore disposed of by the Court of Quarter Sessions of Lancaster county, brought before said court by two complaints made by the mother of said children. The one. made March 12th 1867, returned to April court 1867, and dismissed by said court ; the other made June 21st 1867, returned to August Sessions 1867, and on August 21st 1867, settled by the parties by leave of court, all of which the defendant will verify.

3.  That defendant is now and at all times has been willing to take charge of his said minor children, of whom he has been wrongfully deprived by this present complainant, and will support, maintain and educate them well and sufficiently, such as becomes a parent.

4.  The defendant, being a resident of Lancaster county, and always has been so, he can only be tried in the Court of Quarter Sessions of that county, which has exclusive jurisdiction by virtue of an Act of Assembly, passed February 27th 1867, entitled "An act for the relief of wives and children deserted by their

[Keller v. Commonwealth.]

husbands and fathers in certain counties of this Commonwealth," to hear and determine the offence with which he is charged.

5. The complainant, Jacob Good, instituted, on the 19th day of October 1869, in the Court of Common Pleas of Lancaster county, a suit to November Term 1869, No. 20, in assumpsit to recover from the defendant damages for the support and maintenance of defendant's minor children, with the desertion of whom the defendant is now charged by the complainant, and which suit was pressed by the plaintiff to an arbitration, which awarded $300 in favor of plaintiff, from which award defendant appealed, and which suit is still pending and undetermined.

The court (Hageman, J.), after hearing the evidence, decreed, 23d September 1871, "That Frederick Keller, the defendant, father of the children, viz., Adaline Keller and Franklin Keller, pay to Jacob Good $250 for the support and maintenance of the aforesaid children, from the 1st day of November, A. D. 1869, to the 23d day of September A. D. 1871. That he pay to Jacob Good $1.25 per week for each, viz., Adaline Keller and Franklin Keller, making $2.50 per week for both children; the aforesaid $250, as also the weekly allowances to be paid to Jacob Good, the said weekly allowance to be paid in quarter-yearly instalments to Jacob Good, commencing this day; to enter recognisance, with at least one good and sufficient surety, in the sum of $600, conditioned for the payment of the aforesaid $250, as also for the payment of the said $1.25 per week to the said Jacob Good; to pay the costs," &c.

The defendant appealed to the Supreme Court, and assigned the decree of the Quarter Sessions for error.

The Act of February 27th 1867, Pamph. L. 271, entitled "An act for the relief of wives and children deserted by their husbands and fathers in certain counties in this Commonwealth," provides that if any father within the limits of Lancaster county (and other counties named) shall neglect to maintain his wife and children, &c., a magistrate within those counties shall issue his warrant for arrest and bind the defendant over to the next Court of Quarter Sessions of the county.

The 2d section of this act is substantially the same as the next following act.

The Act of April 13th 1867, Pamph. L. 78, entitled "An act for the relief of wives and children deserted by their husbands and fathers within this Commonwealth," provides that any justice of the peace, &c., of the Commonwealth, upon information by the wife, children or other person, that the husband or father has separated himself from his wife and children and neglected to maintain them, &c., shall issue a warrant and bind him over to the next Court of Quarter Sessions for desertion.

Section 2d provides that upon hearing the court may order the

21 P. F. SMITH—27

[Keller *v.* Commonwealth.]

defendant " to pay such sum as the court shall think reasonable
and proper for the comfortable support and maintenance of said
wife and children," and commit such person to prison until he
comply with the order or give security, &c.

The Act of April 15th 1869 is entitled " A supplement to the
act for the relief of wives deserted by their husbands in the county
of Lancaster and other counties, approved 27th day of February
1867."

This provides that when the court " of any county in this Com-
monwealth shall under the 2d section of the act of which this is
a supplement commit the person complained of to prison," the
court, after three months, if satisfied of his inability to give
security, may discharge him from imprisonment.

*J. Shalter* and *W. R. Wilson,* for appellant.

*D. & J. N. Ermentrout,* for Commonwealth.

The opinion of the court was delivered, October 23d 1872, by
WILLIAMS, J.—The general Act of the 13th of April 1867, for
the relief of wives and children deserted by their husbands and
fathers, Pamph. L. 78, repealed the local Act of the 27th of Feb-
ruary 1867, Pamph. L. 271, so far as the latter is inconsistent
with its provisions, if it did not wholly supersede it : Nusser *v.*
The Commonwealth, 1 Casey 126.    Nor was it revived by the Act
of the 15th of April 1869, Pamph. L. 75, which, though entitled
a supplement to the Act of the 27th of February 1867, was in-
tended as a supplement to the general Act of the 13th of April
1867, as its provisions clearly show.    The recital of the title of
the act which it was intended to supplement, is so clearly a mis-
take, that we have no hesitation in treating it as such, and regard-
ing the supplement as a part of the general act.    Under the pro-
visions of this act the defendant, though a resident of Lancaster
county, was amenable to the Court of Quarter' Sessions of Berks
county, in which the information for desertion was made, and
the warrant for his arrest was issued.    There is nothing in its
provisions, as said by our brother Sharswood, in Demott *v.* The
Commonwealth, 14 P. F. Smith 302, to confine the jurisdiction
of the offence to the court of the county where the defendant has
his residence or settlement.    The whole scope and purview of the
statute is inconsistent with such an intention.    The defendant
then, having been arrested in Lancaster county, where he resided,
was properly bound over to appear at the next Court of Quarter
Sessions of Berks county, there to answer the said charge of
desertion.

Nor were the proceedings in the Court of Quarter Sessions of
Lancaster county, on the complaints previously made by the

mother of the children, as set out in the defendant's second plea, a bar to the proceedings in this case. If, upon the complaints made by the wife in 1867, the Quarter Sessions of Lancaster county refused to make an order requiring the defendant to pay any sum for the support of herself and children, on the ground of his alleged desertion, dismissing the complaint in the one case and granting leave to the parties to settle it in the other, it does not follow that in 1871, when the complaint in this case was made by the grandfather of the children, the defendant was not liable to an order to pay a reasonable sum for the support and maintenance of his children, if it were shown that he had deserted them. It is equally clear that the pendency of the action of assumpsit instituted by the complainant in the Common Pleas of Lancaster county, at November Term 1869, No. 20, to recover compensation of the defendant for the support and maintenance of the children, as averred in the second amended plea, is no bar to this proceeding. That action was brought to recover the amount alleged to be due and owing for their support and maintenance at its institution. The complaint in this case was made for the purpose of obtaining an order of the court requiring the defendant to pay for their future support and maintenance. But there is more substance in the assignment of error in the decree as made by the court. It is clear, from all the provisions of the act, that it was not intended to provide a remedy for the recovery of the expense previously incurred in the support of minor children whose father had deserted or neglected to maintain them, but to provide a mode of compelling him to pay a reasonable sum for their future support and maintenance. So far, then, as the complainant has any claim for the past support and maintenance of the defendant's children, his remedy is by an action at common law in which the defendant will be entitled to have the question and extent of his liability determined by a jury, and he cannot be deprived of this right under the summary proceedings authorized by the statute. So much of the decree, therefore, as orders the payment of a specific sum for the previous support and maintenance of the children, is clearly erroneous and must be set aside.

If the defendant is now and at all times has been willing to take charge of his children, and to support, maintain and educate them well and sufficiently as becomes a parent, as averred in his third plea, he is clearly entitled to their custody, and ought not to be compelled to pay the complainant for their support and maintenance. But we must presume that he failed to satisfy the court below of the truth of this plea by any sufficient evidence, otherwise the court would have refused to make the order for their support. If he is really willing to support and maintain his children, the way to obtain their custody and a vacation of the decree for their support, is clearly indicated in the opinion of Mr.

[Keller *v.* Commonwealth.]

Justice Agnew, in the case of The Demott *v.* Commonwealth, 14 P. F. Smith 305, in which he says : " Maintenance is the sole object of the act, and when the father is really willing to maintain his child at home, and makes a bonâ fide claim for this purpose, I see no reason why he shall not recover its custody, perform his duty, and go into the Quarter Sessions to obtain a suspension of the order, and in the end a vacation of the decree, on satisfying the court that he is maintaining it properly." The way is therefore open for the defendant to show his willingness to maintain his children, and to obtain a vacation of the decree for their support.

And now, October 17th 1872, it is ordered, adjudged and decreed, that so much of the decree of the Court of Quarter Sessions as requires the plaintiff in error, the defendant below, to pay to Jacob Good, $250 for the support and maintenance of the aforesaid children (Adaline Keller and Franklin Keller), from the 1st of November 1869 to the 23d of September, A. D. 1871, be and the same is hereby reversed and 'set aside; and that the residue of ·the said decree (except so much thereof as provides that one of the conditions of the recognisance into which the defendant is required to enter, shall be for the payment of the afore-said $250), be and the same is hereby affirmed. The costs of this appeal to be paid by the appellant.