# Commonwealth of Pennsylvania *v.* F. Frank Tragle, Appellant.

*Husband and wife—Desertion—Jurisdiction, Q. S.*

Under the Act of April 13, 1867, P. L. 78, the court of quarter sessions of any county where complaint is made has jurisdiction of the proceedings to enforce support of the deserted wife, without regard to the settlement or residence of the defendant husband and without reference to where the original desertion took place.

The main question is whether the exigence and wrongful neglect contemplated by the statute exist. The action must be bona fide and within the spirit and meaning of the law. The proceeding however is out of the course of the common law and no appeal is given by statute. The case only comes before the appellate court as if on a writ of certiorari, and is governed by analogous principles.

*Jurisdiction, Superior Court—Review on appeal.*

The act of June 24, 1895, P. L. 212, creating the Superior Court did not alter the existing method of presenting cases for review, nor change the legal effect. The Act of May 20, 1891, P. L. 101, under which similar and additional powers are vested in the Supreme Court, has not been regarded by that tribunal as affecting the established method of presenting questions on appeal.

The Act of May 9, 1889, P. L. 158 does not extend the right of review, it simply directs that all appellate proceedings shall be called appeals, but in no sense enlarges or modifies the powers of the appellate court; because of that statute it is now necessary first to examine the record of each case and determine whether it is in fact an appeal, a writ of error, or a writ of certiorari, under the former practice, and deal with it accordingly.

Argued Feb. 17, 1897. Appeal, No. 26, Feb. T., 1897, by defendant, from judgment and sentence of Q. S. Northumberland Co., Sept. Sess. 1896, No. 33 on verdict of guilty. Before WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Warrant of arrest, surcharge of non-support. Before SAVIDGE, P. J.

The defendant, residing at Reading, Pa., was arrested on a warrant of arrest in Reading, and held for appearance at Northumberland county.

There was evidence tending to show that Lizzie W. Tragle, wife of the defendant, had been deserted by her husband in the city of Reading where they had been living for some five years. Thereafter her husband remained a resident of Reading and the wife returned to live with her brother in Milton, Northumberland county, Pa.

The defendant introduced evidence tending to show abuse by the wife and threats to kill him. It appeared also that the prosecutrix swore at the trial that she would not live with the defendant, without giving any reason for the refusal. Defendant pleaded to the jurisdiction. The answer in the court below to the charges was that the wife was insane and therefore irresponsible, as was apparent to a casual observer and so remarked by the court and found as a fact in disposing of the case.

Defendant moved in arrest of judgment assigning for reasons that the desertion having been committed, if at all, in the county of Berks, and the defendant having resided in said county of Berks at the time, the court of Northumberland county did not have jurisdiction in the case; second, that the prosecutrix having testified at the trial that she would not live with the defendant, the case should be dismissed and the defendant discharged.

The motion in arrest of judgment was dismissed in the following opinion by SAVIDGE, P. J.

The only legal question arising is one of jurisdiction. This is not a case of desertion, but one of nonsupport, under the statute. I am of opinion we have jurisdiction, and finding against the defendant on the questions of fact, do order and decree that he pay the costs, and pay to his wife for her support the sum of five dollars ($5.00) per week until further ordered, and enter into recognizance in the usual manner in the sum of two hundred dollars ($200) for the faithful compliance of this order, and stand committed; to which defendant excepts and bill sealed.

*Errors assigned* were (1) in entertaining jurisdiction of the

COMMONWEALTH *v.* TRAGLE, Appellant.     161

1897.]          Assignment of Errors—Arguments.

case ; (2) it appearing upon the hearing of the case that the common domicil of both the prosecutrix and the defendant was in the city of Reading, Berks county, and that the defendant had never left, but still resided in said county of Berks, the court erred in overruling defendant's motion in arrest of judgment for want of jurisdiction, and in sentencing the defendant to pay for the support and maintenance of his wife ; (3) in finding as follows : " This is not a case of desertion, but one of nonsupport, under the statute ; " (4) in sentencing the defendant to pay for the support of the prosecutrix, after she swore upon the hearing of the case that she would not live with defendant, there not appearing any cause for her refusal to live with him ; (5) in sentencing defendant to pay for the support of the prosecutrix, it appearing that her treatment of him was cruel and barbarous, endangering his life and health, and that defendant really left because he was afraid of his life ; (6) in sentencing defendant to pay for the support of the prosecutrix, it appearing that defendant had not separated himself from his wife without reasonable cause, and, therefore, did not fall within the provisions of the act of assembly regulating desertion ; (7) in entering the following sentence : " I do order and decree that he pay the costs and pay to his wife for her support the sum of five ($5.00) dollars per week until further ordered, and enter into recognizance in the usual manner in the sum of two hundred dollars ($200) for the faithful compliance of this order and stand committed."

*E. H. Deysher* of *O'Reilly & Deysher*, with him *H. S. Knight*, for appellant.—The proceeding is in the nature of a criminal charge and is subject to the general laws governing criminal procedure : Demott v. Com., 64 Pa. 302 ; Com. v. Douglas, 15 P. L. J. N. S. 368.

It has been frequently held that the cause which would absolve a husband from his duty to support his wife is only such as would entitle him to a divorce : Sterling v. Com., 2 Grant, 162 ; Com. v. Boetcher, 5 Luz. L. R. 539.

One of the causes which would entitle a husband to a divorce is cruel and barbarous treatment : Act of May 8, 1854, P. L. 644 ; Butler v. Butler, 1 Parsons, 345 ; Gordon v. Gordon, 48 Pa. 226 ; Jones v. Jones, 66 Pa. 494.

*Wm. H. Hackenberg*, with him *D. Webster Shipman*, district attorney, for appellee.—The Act of assembly of April 13, 1867, P. L. 78, has been three times before the Supreme Court on the question of jurisdiction, and it has been uniformly held that the courts have jurisdiction whenever the husband may neglect to maintain his wife and children without reference as to where the original desertion may have taken place: Demott v. Com., 64 Pa. 302; Keller v. Com., 71 Pa. 413; Barnes v. Com., 2 Penny. 506.

OPINION BY SMITH, J., March 17, 1897:

The appellant was arrested upon a warrant issued by a justice of the peace of Northumberland county on complaint of his wife charging him with desertion and neglecting to maintain her. After hearing, the court below found against the defendant on the facts and ordered him to pay five dollars per week for the support of his wife; whereupon this appeal was taken. The action of the court in assuming jurisdiction of the case and in finding against the defendant, is assigned for error, in six specifications.

The proceedings were instituted under act of April 13, 1867. Under its terms, " in addition to the remedies now provided by the law, if any husband or father, being within the limits of this commonwealth" shall separate himself from his wife or children without reasonable cause, or shall neglect to maintain her or them, he may be arrested on a warrant issued by " any alderman, justice of the peace or magistrate of this commonwealth," and held to answer therefor at the next court of quarter sessions. The proceedings are to be in the name of the commonwealth, and if the husband "abscond, remove or be found in any other county of the commonwealth, than the one in which the warrant issued " it may be executed in such county, on being backed as prescribed by the third section of the act of March 31, 1860.

The argument that the proceeding under the statute is in effect a criminal prosecution and therefore subject to the rules of criminal procedure is not sustainable. No offense is defined, and no punishment is prescribed. It is more analogous to a proceeding by capias under the act of 1836, than to a prosecution under the criminal code. The purpose of the act is not to

punish criminals, but to relieve dependent wives and children by providing for their maintenance. Under its provisions the court of quarter sessions of any county where the complaint is made has jurisdiction of the proceedings, without regard to the residence or settlement of the defendant, and without reference to where the original desertion took place : Demott v. Com., 64 Pa. 302; Keller v. Com., 71 Pa. 413; Barnes v. Com., 2 Penny. 506. The main inquiry is whether the exigence and wrongful neglect contemplated by the statute exist.

The contention that the proceeding must have its inception in the county where the defendant has his residence, contravenes the terms of the act and would defeat its manifest purpose. It expressly authorizes the information to be made before "any alderman or justice of the peace of the commonwealth," thus making the boundaries of the state the territorial limits within which the proceeding may be instituted. The only subdivisional restriction is that the cause shall be heard and disposed of by the court of the county wherein the complaint was lodged. Of course the court would not sustain a proceeding if instituted at a distance from the county where the defendant resides for the purpose of persecution or annoyance. The action must be bona fide and within the spirit and meaning of the law.

The evidence in the present case warrants the finding of the court, and we would not disturb it—even had we undoubted authority to do so. The appellant admits that he concluded to abandon his wife in April, 1895, while they were boarding at a hotel in the city of Reading, Berks county, and that he wrote her a note to that effect, in which he also advised her to go to her folks as there was no use in her remaining in Reading. He left this message in their room at the hotel in her absence, and thereupon departed to live with his parents. After being thus abandoned, his wife returned to her former home in Milton, Northumberland county, and has since resided there with her brothers. Having removed to the place designated by her husband, his argument here against the jurisdiction of the court of Northumberland county comes with a bad grace, and well illustrates the wisdom of the statute in allowing the proceedings to be instituted wherever the relief may be needed.

The appellant deliberately abandoned his wife and on the

hearing in the court below declared that he would not live with her. Since the desertion he has made no bona fide offer to support her, although he may have contributed something for that purpose. Under these circumstances the fact that his wife may have said she would not live with him does not absolve him from his marital duty. It is not pretended that his failure to live with his wife or to maintain her is the result of that statement by her, or that his course has been in any way affected by it. His contention in the court below and here is that his wife's improper conduct justified him in the course he has pursued, and this was made the controlling issue of fact. But the trial judge, after hearing the evidence, has determined that question against him.

In so far as the review of the facts goes beyond the scope of the inquiry as to the jurisdiction of the court below, and the regularity of the proceedings, it must be regarded as ex gratia. The proceeding is out of the course of the common law and no appeal is given by statute. The case is to be treated as before us on a writ of certiorari, which is a substitute for the writ of error, and is therefore to be governed by analogous principles : Phila. & Trenton Railroad, 6 Whar. 41; Barnes v. Commonwealth, supra; Overseers v. Overseers, 2 Pa. Superior Ct. 397. The act of May 9, 1889, does not extend the right of review; it simply directs that all appellate proceedings shall be called appeals, but it in no sense enlarges or modifies the powers of the appellate court. Because of that statute it is now necessary to first examine the record of each case and determine whether it is in fact an appeal, a writ of error, or a writ of certiorari, under the former practice, and deal with it accordingly: Rand v. King, 134 Pa. 641; Camp Hill Borough, 142 Pa. 511.

The act of June 24, 1895, creating the Superior Court, did not alter the existing method of presenting cases for review, or change its legal effect. While the 8th section of that statute confers very extensive powers upon this court in the disposition of cases, it does not authorize us to decide questions of fact not brought before us in the regular manner. The act of May 20, 1891, under which similar and additional powers are vested in the Supreme Court, has not been regarded by that tribunal as affecting the established method of presenting questions on appeal. In the recent case of Smith v. Times Publishing Com-

pany, 178 Pa. 481, where that statute was considered and applied, it was held that matters not brought upon the record for review, by exceptions in the usual manner, would not be considered, and the strictness theretofore required in this respect was rigidly observed.

The specifications of error are overruled and the proceedings are affirmed.