## Commonwealth of Pennsylvania *v.* John D. Hart, Appellant.

*Wife desertion—Magistrate's transcript—Appeals.*

An appeal from the judgment of the quarter sessions, in a proceeding under the Act of April 13, 1867, P. L. 78, which provides, " for the relief of wives and children deserted by their husbands and fathers," etc., commenced before a magistrate whose transcript forms the basis of the proceeding, and as to the sufficiency of which the appellant especially excepts, will be treated by the appellate court as a certiorari under which the jurisdiction of the court below and the regularity of the proceedings only can be considered.

*Wife desertion—Transcript—Information defined—Presumption of duty performed.*

It is no cause of challenge to the jurisdiction of the quarter sessions in a case of wife desertion that no warrant or information was filed therein ; the term " information " is not used in its technical sense but employed as equivalent to complaint or oath, and it is sufficient if the transcript shows that the information was under oath ; as it is the duty of the magistrate to take all charges in writing, it will be presumed that he did his duty, even if that is not involved in the term " oath."

*Jurisdiction, Q. S.—Waiving of hearing—Technical objections.*

Where the defendant in wife desertion has waived a hearing before the magistrate, submitted to the jurisdiction of the court, and been heard upon the merits in the quarter sessions, it is too late to assert any technical objection either as to the transcript or the recognizance.

*Jurisdiction, Q. S.—Wife desertion outside commonwealth—Continuing offense.*

Our courts have jurisdiction in wife desertion even if it took place outside the commonwealth, besides it is a continuing offense, and although the original offense took place in another state when the defendant comes within the jurisdiction and continues the desertion he brings himself within the provisions of the act of 1867.

*Wife desertion—Presumption as to judicial finding.*

It is not a valid objection to the order of support in a case of wife desertion that it failed to disclose ability to pay, for it is to be presumed that the court found that fact as a necessary prerequisite to the making of the order.

*Presumption of judicial correctness—Wife desertion.*

It will not be presumed that where leave was given to apply for a revocation of the order to support the wife that it was dismissed illegally without any hearing; it was not essential that the parties should be orally heard; the petition and answer may have given sufficient information to guide the exercise of the court's discretion; the court will be presumed to have done its duty.

Argued Oct. 18, 1899.   Appeal, No. 53, Oct. T., 1899, by defendant, from judgment of Q. S. Phila. Co., Dec. Sess., 1898, discharging rule for revocation of order for support of wife. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Affirmed.   Opinion by BEAVER, J.

Rule to show cause why order for wife's support should not be revoked.   Before BEITLER, J.

It appears from the record that the following proceedings in the matter of desertion came up on transcript from magistrate South : "Warrant issued on the 11th day of October, 1898, on oath of Kate Hart.   Defendant charged with neglect to support deponent and one child.   Brought up October 12.   Defendant waived a hearing.   Defendant required to give bail in the sum of $500 conditioned for his appearance at the next term of court."   The case came up for hearing in the quarter sessions.

The court, AUDENRIED, J., made the following order

[And now, December 23, 1898, the court having heard the parties in the above case, their proofs and allegations, order and decree that the said defendant, John D. Hart, pay the sum of $7.00 per week for the support of his wife, Kate Hart, and the further sum of $3.00 per week for his minor child, from the 23d day of December, 1898, and give security by one or more sureties to the commonwealth in the sum of $300 for the faithful performance of this order, pay the costs, and stand committed till the order is complied with, order made with leave

to apply for revocation as to the payment for the wife's support.] [1]

Subsequently on February 4, 1899, defendant filed a petition praying that the order of support be revoked. On February 20, 1899, Catherine E. Hart filed an answer to said petition and on February 28, the following entry was made on the docket under the direction of BEITLER, J., "Rule discharged." Defendant appealed.

*Errors assigned* among others were (1) in making and entering order and decree of December 23, 1898, reciting same. (4) In not setting out in the decree the name of the minor child for whose support the defendant is ordered to pay the sum of $3.00 per week. (5) In hearing and deciding the case without an information, and the warrant having been filed as required by law, and without any issue having been framed for the decision of the court thereon. (6) In not placing upon the record the findings of facts upon which the decree was based. (7) In ordering and decreeing that the said John D. Hart give security by one or more sureties to the commonwealth in the sum of $300 for the faithful performance of the order. (8) In ordering and decreeing that the said John D. Hart stand committed till the order is complied with. (13) The proceedings in the court below were contrary to law. (14) The court below had no jurisdiction over the defendant, or in the case.

*John G. Johnson*, with him *William W. Ker*, for appellant. —The quarter sessions has no jurisdiction, because no information or warrant was filed therein.

The reason for this is very obvious. The act is of a highly penal character. It jeopardizes the liberty of the citizen. It deprives him of a trial by jury. It is pre-eminently necessary, therefore, as a basis for the action of the court of quarter sessions, that it shall have something upon which to rest its action.

The transcript of the committing magistrate filed in the court of quarter sessions did not show that any information had ever been filed with the latter.

The information must disclose the fact of separation without reasonable cause from wife and children, or from wife or children, and also must disclose a neglect to maintain the wife or

children. The transcript from the docket of the committing magistrate merely shows that there was an oath of " Kate Hart " to something. It nowhere appears that Kate Hart was a wife or child of John D. Hart.

Further, it appears that the warrant issued on the oath, and that thereafter defendant was charged " with neglect to support deponent and one child." The act of assembly requires that there shall be an information under oath, antecedently to the issuance of a warrant.

The charge appearing by the transcript to have been made was not such as is within the act of 1867.

The transcript of the committing magistrate shows that the defendant was bound over to appear at the next term of the court, etc., not to answer a charge of discretion, but " generally to abide the orders of said court."

The committing magistrate and court of quarter sessions had no jurisdiction of the desertion, because it took place outside of the commonwealth: City v. Bailey, 8 Phila. 485.

The record does not show upon what charge, or for what cause, the order to pay was rested.

It is necessary for the court to find (1) what sum is reasonable and proper, and (2) that the defendant is of " sufficient ability to pay it." There is no finding of the latter fact.

The petition for revocation was illegally dismissed without any hearing.

The order, therefore, contained a condition subsequent, of defeasance. Upon the husband's petition there was a stay of proceedings. An issue of fact vital to determine before the order of revocation could be disposed of, was raised. The record shows no hearing whatever upon this rule; but simply without showing that there had been any default, or that there had been any other reason for such action. Rule discharged.

*Samuel E. Cavin*, with him *John R. K. Scott*, for appellee.— The question of the merits of the above case as it appeared before the court of quarter sessions of Philadelphia county, making the order appealed from, is not before the appellate court for consideration. The only consideration now in the case is displayed by the record: Barnes v. Com., 11 W. N. C. 375; Com. v. Tragle, 4 Pa. Superior Ct. 159.

605, (1900).]                     Arguments.

The fact that no information or warrant was filed does not deprive the quarter sessions court of jurisdiction: Barnes v. Com., 11 W. N. C. 375 ; Com. v. Litzenberger, 39 Leg. Int. 198.

In the case of Com. v. Orth, 2 Pearson, 446 (Dauphin county, 1871), the court said : " Under the act of April 13, 1867, the court can make an order that a husband shall maintain his wife when the parties have separated by agreement and the wife has not adequate means of support. That statute is remedial in its nature and should be liberally construed so as to advance the remedy."

The fact that the desertion took place in Camden, N. J., does not alter the right of the commonwealth to proceed against the defendant under the act of April 13, 1867.

In Barnes v. Com., 11 W. N. C. 375, the desertion took place in California, but the Supreme Court in our state held that we had jurisdiction.

The court will not inquire into the merit of the case, whether or not the court was justified in making the order. Nor will it inquire into the merits of the petition to revoke rule, or of the fact that it was dismissed.

The fact that an order was made by one judge, sitting in quarter sessions, and the petition to revoke the order was dismissed by another judge, sitting in quarter sessions is pretty safe evidence of the justice of the order for the maintenance and support of the wife and child of the defendant.

OPINION BY BEAVER, J., February 16, 1900:

This is an appeal from the judgment and decree of the court of quarter sessions of Philadelphia county in a proceeding under the Act of April 13, 1867, P. L. 78, which provides "for the relief of wives and children deserted by their husbands and fathers within this commonwealth," commenced before a magistrate whose transcript forms the basis of the proceeding and as to the sufficiency of which the appellant especially excepts. No appeal from such a proceeding is allowed by law, and that taken in this case must be treated, therefore, as a certiorari, under which the jurisdiction of the court below and the regularity of the proceedings only can be considered (Barnes v. Com., 11 W. N. C. 375 ; Com. v. Tragle, 4 Pa. Superior Ct. 159) and these in effect are the questions raised by the appellant.

The jurisdiction of the court of quarter sessions is challenged, "because no information or warrant was filed therein." This, however, was expressly held in Barnes v. Com., supra, to be immaterial; but it is farther alleged that the transcript of the committing magistrate, as filed, does not show that any information had ever been filed with the latter, in which respect it is claimed to differ from Barnes v. Com. It is true that the magistrate does not use the term "information" in the transcript returned to the court of quarter sessions which shows, "Warrant issued on oath of Kate Hart." The term "information" in the act of assembly is not used in its technical sense, which is "an accusation in the nature of an indictment, from which it differs only in being presented by a competent public officer on his oath of office instead of a grand jury on their oath," (1 Bish. Cr. Prac. sec. 141), but is evidently employed as the equivalent of complaint or oath, the three terms being used indiscriminately by magistrates to indicate the foundation upon which warrants are usually issued. Whichever term is used, in this connection there is implied in the use thereof the two elements as to form, first, that it is in writing; second, that it is under oath. That the information in this case was under oath is affirmatively shown in the transcript of the magistrate and, inasmuch as "It is the duty of the magistrate to take all charges, of whatsoever nature, kind and complexion they may be, in writing" (1 Chit. Crim. Law, 28), it is to be presumed that the magistrate did his duty, even if that is not involved in the use of the term "oath" in the return itself.

It is further objected that the transcript does not show such a charge as is within the act of 1867, and that it further fails to show a binding over of the defendant upon a charge of desertion or, in fact, upon any charge. The defendant waived a hearing and entered into a recognizance with surety for his appearance at the next court of quarter sessions to abide the orders of the said court. He appeared in accordance with his recognizance and was heard, as is shown by the decree of the court, by his proofs and allegations, without objection or exception, so far as the record shows. Having submitted himself to the jurisdiction of the court and having been heard upon the merits of his case, it would seem to be late to assert any technical objection either as to the transcript or the recognizance.

The objection that neither the magistrate nor the court of quarter sessions had jurisdiction of the defendant's desertion, because it took place outside of the commonwealth, is also without foundation. This was expressly ruled in Barnes v. Com., supra; but, even if this were not so, it is a question of evidence, which is not before us, as to which the record itself is entirely silent; and besides desertion is a continuing offense, and although the original act may have occurred in another state, when the defendant comes within the jurisdiction of this commonwealth and continues the desertion of his family and the failure to support them, he undoubtedly brings himself within the provisions of the act of 1867, supra.

It is further objected that the record does not show upon what charge or for what cause the order to pay was rested. The transcript, however, is not silent upon this subject and shows that he was charged with "neglect to support the deponent, Kate Hart, and one child," which, under the provisions of the act of 1867, supra, gave the court jurisdiction and warranted the decree.

The objection that "the order does not disclose an essential fact, namely, the finding by the court that Hart had sufficient ability to pay the amount of the weekly order" is not sustained for the reason that it is to be presumed that the court found that fact as a necessary prerequisite to the making of the order. The testimony taken before the court is not before us. It is to be presumed, however, that the defendant presented his whole case, as was his right, in the court below, and that he was heard as to the question of his ability to contribute to the support of his wife and children as well as to every other pertinent fact which he desired to bring to the consideration of the court.

The decree of the court below closes with, "Order made with leave to apply for revocation as to the payment for the wife's support." The record shows that the defendant presented his petition and affidavit, praying for the revocation of the order, upon which a rule was granted to show cause why the order of maintenance should not be revoked. An answer to this petition was filed and the rule discharged. It is objected "that the petition for revocation was illegally dismissed, without any hearing." The modification of the original order

was within the discretion of the court. It was not essentially necessary to a disposition of the case that the parties should be orally heard. The petition and answer may have given such information to the court as enabled it to dispose of the case without a hearing, or there may have been a hearing, although the record does not affirmatively show it. In either event the court is presumed to have done its duty and, if we may be allowed an expression of opinion, upon a view of the petition and answer, although their contents are not properly before us, it would seem as if the court would have been entirely justified, in the exercise of its discretion, in discharging the rule without a hearing.

The entire record fails to disclose any substantial ground upon which the defendant is entitled to relief. The decrees of December 23, 1898, and February 28, 1899, are respectively affirmed, and the appeal dismissed at the cost of the appellant.