## Commonwealth v. Bosler.

*Desertion and non-support—Statute of limitations—Act of April 13, 1867.*
Under the Act of April 13, 1867, P. L. 78, in á proceeding for support following a desertion, the statute of limitations cannot be pleaded.

Petition for an order for support. Q. S. Cumberland Co., Oct. Sess., 1922, No. 8.

*Merrill T. Hummel,* District Attorney, for Commonwealth.

*W. A. Kramer,* for defendant.

BIDDLE, P. J., May 8, 1922.—This proceeding was instituted under the Act of April 13, 1867, P. L. 78, to compel the defendant, James A. Bosler, to support his dependent child, Theeta K. Bosler, now aged thirteen years.

The evidence submitted showed that defendant and his wife separated in 1908, the wife taking with her their child, Theeta, and that since that time the defendant has not contributed toward the support of the child.

This proceeding was instituted April 15, 1922, and defendant pleads the statute of limitations in bar.

Desertion in this case, if it existed at all, was complete in 1908. It is not a continuing offence: Com. v. Mills, 26 Pa. Superior Ct. 549; Com. v. Price, 33 Pa. C. C. Reps. 451; Com. v. Wilmarth, 7 Luzerne Legal Reg. 197; and if this was an action to punish defendant under the Act of March 13, 1903, P. L. 26, the court would be compelled to sustain the plea entered and discharge the defendant.

But while the chief purpose of the Act of 1903 is to punish the offender, a different situation arises under the Act of 1867. Of this latter act it has been said that "maintenance is the sole object of the act:" Demott v. Com., 64 Pa. 302, 306.

The object of the present proceeding is not to punish the defendant. "The complaint in this case was made for the purpose of obtaining an order of the court requiring the defendant to pay for their *future* support and maintenance:" Keller v. Com., 71 Pa. 413, 417.

While it is true that the desertion was complete in 1908, yet the failure to support is now complained of for the first time, and the remedy asked looks solely to the future, not to the past. In this aspect the case is analogous to a proceeding instituted to abate a nuisance which has existed for more than two years.

"It was not intended (in holding that the courts did not recognize such a thing as a continuing offence) to assert the absurd proposition that a man might not repeat an offence from day to day, as in the case of maintaining a nuisance and other familiar instances which might be referred to. This may be done daily for an indefinite period:" Com. v. Bartilson, 85 Pa. 482, 487.

2 D. & C.

In the case of Com. v. Tragle, 4 Pa. Superior Ct. 159, an order of support, made on a proceeding instituted five years after the desertion had occurred, was sustained, and while the effect of the statute of limitations was not directly referred to, the reasoning of that court in its opinion is adverse to the position of the defendant here.

In the case of Com. v. Kerbey, 8 Dist. R. 671, it was decided that the statute of limitations did not apply to such a case, and in that conclusion we concur.

And now, May 8, 1922, the sentence of the court is that the defendant, James A. Bosler, pay the costs of prosecution, pay the sum of $2 per week, beginning on this date, for the support of his child, Theeta K. Bosler, such payments to be made to the clerk of this court, for the benefit of the person having the custody and care of said child, and to enter into his own recognizance in the sum of $250 to comply with the sentence of the court.

From J. W. Wetzel, Carlisle, Pa.