# Commonwealth *v.* Hawkins, Appellant.

*Husband and wife—Desertion—Support—Removal from jurisdiction.*

An order of the court of quarter sessions duly entered directing a husband to pay a certain sum monthly for the support and maintenance of his wife, in proceedings under the Act of April 13, 1867, P. L. 78, as amended by the Act of March 5, 1907, P. L. 6, is not automatically revoked by the wife's removing her residence to another state.

Argued March 12, 1923. Appeal, No. 22, March T., 1923, by defendant, from order of Q. S. Dauphin Co., Jan. Sessions, 1920, No. 106, for support and maintenance in the case of Commonwealth of Pennsylvania v. J. Mowell Hawkins. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to show cause why order for support and maintenance should not be modified or revoked. Before FOX, J.

The defendant claimed to be a resident of Connecticut at the time proceedings were started by his wife to compel him to provide for her support and maintenance. He was arrested in Pennsylvania and an order made requiring him to make certain payments for the support of his wife and their daughter. Subsequently the defendant presented a petition for modification or revocation of the order alleging that his wife and daughter had removed from Pennsylvania into Maryland and had become residents of the latter state, and also reciting that the daughter had become of full and legal age and self-supporting. A rule to show cause was granted. An answer was filed and depositions were then taken. The court subsequently revoked the order so far as it related to the daughter and modified it as to the amount to be paid to the wife. The defendant appealed.

*Error assigned* was the order of the court.

*John R. Geyer,* for appellant.—When the conditions which warrant the entering of an order change, the order should be modified or revoked: Demott v. Com., 64 Pa. 302; Com. v. Jones, 90 Pa. 431; Com. v. Tragle, 4 Pa. Superior Ct. 159.

The act was never intended to have any extra-territorial effect: Curtis v. Curtis, 200 Pa. 255.

*Daniel H. Kunkel,* and with him *George Ross Hull,* of *Bingaman, Hull & Hall,* for appellee.—The removal of

the wife from the Commonwealth is not ground for vacating an order of support where jurisdiction was complete when such order was made: Com. v. Hart, 12 Pa. Superior Ct. 605; Com. v. Hopkins, 53 Pa. Superior Ct. 16, 241 Pa. 213.

OPINION BY KELLER, J., April 16, 1923:

The sole question raised by this appeal is whether an order of the court of quarter sessions duly entered directing a husband to pay a certain sum monthly for the support and maintenance of his wife, in proceedings under the Act of April 13, 1867, P. L. 78, as amended by the Act of March 5, 1907, P. L. 6, is automatically revoked by the wife's removing her residence to another state.

It is not disputed that the order when issued was valid and regular. Whether the husband, at the time of his arrest had established his residence in Connecticut, or not, the court had the power to make it. "Under its provisions [Act of 1867, supra,] the court of quarter sessions of any county where the complaint is made has jurisdiction of the proceedings to enforce support of the deserted wife, without regard to the settlement or residence of the defendant husband and without reference to where the original desertion took place": Com. v. Tragle, 4 Pa. Superior Ct. 159, 163. In Barnes v. Com., 11 W. N. C. 375, the desertion took place in California; in Com. v. Hart, 12 Pa. Superior Ct. 605, in New Jersey. Nor did the husband's subsequent removal to Connecticut, if such was the case, have any effect upon the order. It remained in force irrespective of the defendant's changes of domicile.

Being valid when entered we fail to see that it was revoked or rendered inoperative merely by the wife's removal to another state. The Act of 1867 is not a poor law for the relief of the poor district in which the deserted wife resides, as contended by appellant. It was expressly declared to be a remedy in addition to the poor laws and was enacted for the relief of deserted

wives and children: Demott v. Com., 64 Pa. 302, 304;
Com. v. Demott, 64 Pa. 305. This is apparent also from
its provision authorizing the court to order the husband
to pay such sum as it shall think reasonable and proper
for their comfortable support and maintenance; not
merely the cost of their subsistence as charges on the
poor district. Nor is there any merit in appellant's con-
tention that the court's judgment is intended to be based
on an intimate knowledge of local conditions, for as be-
fore pointed out the jurisdiction of the court is not con-
fined to the county where the defendant has his resi-
dence or settlement: Com. v. Tragle, supra; Com. v.
Hart, supra; Keller v. Com., 71 Pa. 413; nor to the
county where the wife resides: Com. v. Hopkins, 53 Pa.
Superior Ct. 16, affirmed 241 Pa. 213. In the last named
case the husband was ordered to pay for the support of
his wife and children resident in the State of Ohio, and
while Judge HEAD tentatively suggested that the wife
might not have lost the citizenship which had formerly
been hers through her marriage with defendant, the
affirmance of the order was not made dependent on that
circumstance. The Act of 1867 is not limited in its appli-
cation to citizens of this Commonwealth. Furthermore,
it has been decided that the constructive domicile of the
wife with her husband will not be applied as respects
a deserted wife who actually lives elsewhere: Starr v.
Starr, 78 Pa. Superior Ct. 579, 582. The right of Mrs.
Hawkins to obtain relief under the Act of 1867 was not
affected by her husband's acquiring a new residence or
domicile or even citizenship in another state.

When this proceeding was begun, the defendant was
"within the limits of this Commonwealth," and the wife
was a resident of Pennsylvania, and remained such for
some months thereafter. The order had the force of a
judgment duly entered upon which writs of execution
and attachment may issue: Amendatory Act of April 15,
1913, P. L. 72. It was valid when entered, and we are
not satisfied that its force and validity is destroyed by

the wife's change of residence. The act does not say so and we will not infer it.

A sentence, on conviction of fornication and bastardy, that the defendant pay a weekly sum to the mother for the support and maintenance of the child, is, in the first instance for the relief of the poor district and only incidentally for the benefit of the mother: Philippi v. Com., 18 Pa. 116, 117; Beck v. Finnefrock, (No. 2), 72 Pa. Superior Ct. 544, 548; yet we have never heard it seriously asserted that the defendant is relieved of liability thereunder because the mother thereafter removes from the poor district or even from the Commonwealth.

The order appealed from is, in effect, only a modification and reduction of the original order and as such it is affirmed at the costs of the appellant.