Com. of Pa. ex rel. Sanders *v.* Sanders, Appellant.

Argued October 19, 1933.

Before TREXLER, P. J., KELLER, CUNNING-

HAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

Marion S. Kirk, and with him Stuart L. Kirk, for appellant.

Franklin E. Barr, Assistant District Attorney, and with him Cecil P. Harvey and Charles F. Kelley, District Attorney, for appellee.

OPINION BY STADTFELD, J., December 16, 1933:

This is an appeal by defendant from an order entered against him by the municipal court of Philadelphia, domestic relations division, for the support of his wife.

The complainant and defendant were married March 15, 1924, in Glenco, Long Island, and continued to live together as husband and wife until January, 1932. For two years prior to January, 1932, they resided in Australia. She left Sydney, Australia, their common domicile, on January 7, 1932, on account of alleged ill-treatment by her husband, and returned to the United States, and at the time of filing her petition for support resided at 127 Manor Avenue, Hempstead, N. Y., with her sister.

The respondent returned to the United States in

March, 1933. He met his wife in New York and bought her some clothes, and they were together for a short time. From January, 1932, he paid her toward her support $50 per month until January, 1933. He left for Philadelphia in March, leaving his wife at her sister's and refused to provide a home for her. Since his return to the States, he has contributed $45 towards her support.

On July 26, 1933, relatrix filed a petition in the municipal court of Philadelphia, praying for an order for support. The matter came on for hearing before GABLE, J., on September 8, 1933, who on the same day made an order for the payment by respondent to relatrix of $18 per week.

According to respondent's testimony he had resided in Philadelphia with his mother, at 50th and Spruce Streets for four months prior to the hearing, and is employed in Philadelphia as sales representative for the Texas Company. Relatrix admitted that she is a citizen of the State of New York and came to the municipal court just for the purpose of this action.

The sole question on this appeal is that of jurisdiction of the municipal court to make the order for support under the circumstances.

Appellant contends that the wife never having been a resident or citizen of Pennsylvania, and the alleged desertion having taken place in New York, the court has no jurisdiction in the premises.

The proceedings were instituted under the Act of 13th of April, 1867, P. L. 78, Sec. 1, which provides as follows: ''In addition to the remedies now provided by law, if any husband, ...... *being within the limits of this Commonwealth,* has, or hereafter shall, separate himself from his wife ...... without reasonable cause, or shall neglect to maintain his wife ...... it shall be lawful for any alderman, justice of the peace, or magistrate of this Commonwealth, upon in-

formation made before him under oath or affirmation, by his wife ...... or by any other person or persons, to issue his warrant to the sheriff or to any constable for the arrest of the person against whom the information shall be made, as aforesaid, and bind him over, with one sufficient surety, to appear at the next court of quarter sessions there to answer the said charge of desertion.'' (Italics supplied)

This act is broader and more comprehensive than the prior legislation in force on the same subject, and was intended to permit redress for any wife who had been deserted by her husband, irrespective of whether she was likely to become a ''charge upon the district'' which seemed to be one of the principal moving causes underlying such laws.

The Act of July 17, 1917, P. L. 1015, Sec. 1, creating the municipal court, provides as follows: ''The said court hereby created shall have jurisdiction in all criminal actions ...... The jurisdiction of the said municipal court shall be exclusive:

''(a) In all proceedings brought against any husband or father, wherein it is charged that he has without reasonable cause separated himself from his wife or children, or from both, or has neglected to maintain his wife or children; and in all proceedings where any child of full age has neglected or shall neglect to maintain his or her parents, not able to work or of sufficient ability to maintain themselves; and in all proceedings for the custody of children.

\* \* \* \* \* \*

''All cases of desertion and non-support, instituted in the court of quarter sessions *pursuant to the authority of existing law,* which are pending and undisposed of in said court at the time this act takes effect ...... are hereby transferred to the municipal court.''

Appellant's contention is that a support order against a husband must be based either on the fact that the wife is in danger of becoming a charge upon

the county or poor district, or that the offense of desertion has been committed in this Commonwealth. With this we cannot agree and do not think that his position is correct in principle or sustained by authority.

The Act of 1867 makes but one jurisdictional requirement, namely, that the husband, or father, be "within the limits of this Commonwealth," and the causes are two and separate; either (1) that "he has or hereafter shall separate himself from his wife or from his children, or from his wife and children," or (2) "shall neglect to maintain his wife or children." If the husband is within the limits of the Commonwealth, and regardless of the place of separation, he now fails to maintain his wife, the requirements of the act are complete. The said act has nothing to do with the poor laws, and is, as it states, for the relief of the deserted wife and/or children.

Appellant, in his brief, refers to the provisions in regard to citizenship and residence in actions of divorce. Those provisions are entirely statutory and have no relation to the instant case.

The Act of 1867 has been frequently construed and the cases fully sustain the action of the lower court. Quoting from the opinion by our Brother KELLER in Commonwealth v. Hawkins, 80 Pa. Superior Ct. 520, 522, 523: "The Act of 1867 is not a poor law for the relief of the poor district in which the wife resides, as contended by appellant. It was expressly declared to be a remedy in addition to the poor laws and was enacted for relief of deserted wives and children: Demott v. Com., 64 Pa. 302, 304; Com. v. Demott, 64 Pa. 305. ...... Nor is there any merit in appellant's contention that the court's judgment is intended to be based on an intimate knowledge of local conditions, for as before pointed out the jurisdiction of the court is not confined to the county where the defendant has

his residence or settlement: Com. v. Tragle, supra; Com. v. Hart, supra; Keller v. Com., 71 Pa. 413; nor to the county where the wife resides; Com. v. Hopkins, 53 Pa. Superior Ct. 16, affirmed 241 Pa. 213. In the last named case the husband was ordered to pay for the support of his wife and children resident in the State of Ohio, and while Judge HEAD tentatively suggested that the wife might not have lost the citizenship which had formerly been hers through her marriage with defendant, the affirmance of the order was not made dependent on that circumstance. The Act of 1867 is not limited in its application to citizens of this Commonwealth."

As stated in Com. v. Shetzline, 84 Pa. Superior Ct. 100, 102, "The Act of 1867 says nothing about the residence or domicile of the delinquent husband; its only requirement is that he be within the Commonwealth. This means just what it says—his physical presence within the State. If he can be reached by a warrant, it is sufficient to give our courts jurisdiction and compel him to support his wife and children, without regard to his residence or settlement and without reference to where the original desertion or neglect to maintain his family took place: Com. v. Tragle, 4 Pa. Superior Ct. 159; Com. v. Hawkins, 80 Pa. Superior Ct. 520; Com. v. Plummer, 83 Pa. Superior Ct. 26; Com. ex rel. Demott v. Demott, 64 Pa. 305. Since the creation of the municipal court, that tribunal has exclusive jurisdiction of such proceedings in the County of Philadelphia: Scott v. Scott, 80 Pa. Superior Ct. 141." To same effect, Com. v. Brook, 93 Ibid. 282; Com. v. Lee, 99 Ibid. 54.

The assignment of error is overruled and order of lower court affirmed. Costs to be paid by appellant.