## Commonwealth v. Dietz

*James C. Furst* and *Philip H. Johnston*, for Commonwealth.

*Ivan Walker*, for defendant.

FLEMING, P. J., February 21, 1935.—This is an action for desertion and non-support. The facts are unusual. While it appears that the defendant and his wife have not been on friendly terms for some time, and while they have resided apart, it is admitted that the defendant has furnished food and shelter to his wife and his 13-year-old son. The defendant had been living in an apartment over his store and the wife and son in a dwelling house in the same neighborhood. The defendant came to where his wife and son were living and stated that he was moving them to another house near the railroad. The wife resisted and called a justice of the peace. That justice consulted another and they called the overseers of the poor. No formal order of relief was issued. The overseers

of the poor inspected the house to which the defendant proposed to move his wife and son and pronouncing it unfit, both physically and morally, took charge of defendant's wife and son and placed them with a private family. The defendant refusing to pay for their board and lodging in such private family, the overseers of the poor made complaint against the defendant under the provisions of the Act of April 13, 1867, P. L. 78, as amended by the Act of March 5, 1907, P. L. 6. At the preliminary hearing the defendant agreed to pay for the support of his wife and son thereafter, but refused to pay the poor district for the moneys which it had expended to that date.

It is to be noted that at the time the overseers assumed jurisdiction of defendant's wife and son there had been no failure of support on the part of the defendant. While the special counsel for the Commonwealth insisted that no order of relief is necessary to enable overseers to assume jurisdiction, we cannot agree with such contention. Section 6 of the Act of June 13, 1836, P. L. 539, which act has not been repealed by the General Poor Relief Act of May 14, 1925, P. L. 762, provides as follows:

"No person shall be entered on the poor book of any district, or receive relief from any overseers, before such person, or some one in his behalf, shall have procured an order from two magistrates of the county for the same, and in case any overseer shall enter in the proper book, or relieve such poor person without such order, he shall forfeit a sum equal to the amount or value given, unless such entry or relief shall be approved of by two magistrates as aforesaid."

The only exception is granted by section 1 of the Act of May 13, 1879, P. L. 59, and then only in cases where "any overseer or poor director of any poor district . . . is or shall be appointed by the court of quarter sessions according to law . . . " This court does not recollect that the overseers in the instant case were elected or apointed by it nor does it so appear upon the record.

However worthy of sympathy defendant's wife and son may be, we cannot hold, under the testimony taken, that they are "poor" persons in the meaning of the statute, and until they are proven to be such either by oral testimony or by the established mode of an order of relief the overseers of the poor have no jurisdiction. Faced with the testimony as it appears, that until the overseers took charge of Mrs. Dietz and son, the defendant was supporting them, however meagerly it may have been, we would be grossly in error to hold that he had deserted them and failed to support them because the overseers of the poor, having decided that he was not doing it in the proper manner, had stepped in without authority in law and relieved him of that responsibility.

Furthermore the defendant's contention is that the Act of April 13, 1867, P. L. 78, is not a poor law for the relief of the poor district in which the wife resides. It is a remedy in addition to the poor laws and was enacted for the relief of deserted wives and children: Commonwealth v. Hawkins, 80 Pa. Superior Ct. 520; Urban v. Nanticoke City et al., 111 Pa. Superior Ct. 195. A remedy existed, if facts warranted—which we feel they did not under the record as we have it—to the overseers under the Act of March 31, 1812, 5 Sm. L. 391, and the Act of June 13, 1836, P. L. 539, 62 PS §§1801-1805. The overseers could have elicited the services of Mrs. Dietz as a complainant under the Act of 1867 in addition to their remedies but they did not do so.

And now, February 21, 1935, defendant is discharged, the County of Centre to pay costs.

From Musser W. Gettig, Bellefonte, Pa.