## Commonwealth v. Lickstein

*Hazel H. Brown*, for Commonwealth.
*M. N. DuBoise*, for defendant.

BONNIWELL, J., January 15, 1937.—On October 22, 1936, relatrix, Fannie Wexler, filed her petition setting forth that, on February 25, 1931, an order of $10 per week was made against defendant, Max Lickstein, for the support of their two children, Sydney and Moe, and praying that the order be reduced to $8 weekly for the support of the one child, Moe, living with relatrix, and vacated as to the other child, Sydney, living with defendant.

Upon the hearing, on December 14, 1936, it appeared that relatrix is now a resident of Asbury Park, and defendant of Atlantic City, N. J. Defendant was not present at the hearing and no proof was offered that he was within this Commonwealth when served with a copy of the petition.

The sole question is whether the Municipal Court has the jurisdiction to enter a new order under the circumstances.

The Act of April 13, 1867, P. L. 78, under which the nonsupport proceedings were instituted "makes but one jurisdictional requirement, namely, that the husband, or father, be 'within the limits of this Commonwealth' . . . This means just what it says—his physical presence within the State": Commonwealth ex rel. v. Sanders, 111 Pa. Superior Ct. 202, 206, 207.

Proceedings in nonsupport "are never determined, unless it appears on the record that there is an effectual bar to the proceeding, which prevents the court from entering the order": Commonwealth ex rel. v. Nolde, 105 Pa. Superior Ct. 334, 338.

It appears that defendant was not "within the limits of the Commonwealth", when served with a copy of the present petition for a new order, nor was he physically present at the hearing. This is an effectual bar which prevents the court from entering a new order against defendant. Petition dismissed for lack of jurisdiction.