## Commonwealth v. Darr

*J. Francis Yake, Jr.*, for prosecutrix.
*Swope, Brown & Swope*, for defendant.

SHEELY, P. J., March 23, 1946.—On October 16, 1944, this court entered an order directing defendant to pay the sum of $22 per week for the support of his wife and two minor children. Subsequently the prosecutrix moved to Washington County, Md. Defendant instituted a divorce action in that county and on September 10, 1945, the Circuit Court for Washington County, Maryland, entered a decree of absolute divorce with a further order that the care, custody, and guardianship of the two minor children be awarded to the wife, the husband to pay the sum of $13 per week for their support and maintenance. Defendant then presented a petition to this court praying that the original support order of October 16, 1944, be revoked on the basis of the subsequent order of the Maryland court. An answer was filed by the prosecutrix and testimony was taken on the petition and answer. It appears that the prosecutrix entered an appearance by counsel in the Maryland divorce action but did not attend the hearing. The parties agreed that if this court should find that its jurisdiction had not been ousted by the subsequent proceedings in the Maryland court, and if the court did not feel that its order should be vacated because of the subsequent order of the Maryland court,

the original support order should be amended so as to provide for the payment of $14 per week for the support of the two children and the order for the support of the prosecutrix should be vacated.

The Circuit Court of Washington County, Maryland, had jurisdiction of the divorce proceeding because of the residence of the wife in that State and because both parties submitted themselves to the jurisdiction of that court. The decree of divorce is therefore valid in Pennsylvania and entitles defendant to a vacation of the order of support in favor of his wife: Commonwealth v. Parker, 59 Pa. Superior Ct. 74 (1915). That court also had jurisdiction to determine the custody of the children and the liability for their support. The question involved is the effect of the decree of that court upon the previous order entered by this court. Defendant has called no authorities in support of his position to the attention of the court.

The fact that prosecutrix changed her residence from Pennsylvania to Maryland, of itself, has no effect upon the support order entered in this court. The general rule is that in domestic relations cases the changed residence of the husband or the wife cannot oust jurisdiction once obtained: Commonwealth ex rel. v. Milne, 149 Pa. Superior Ct. 100 (1942), in which the husband unsuccessfully sought to vacate a support order on the ground that both husband and wife had moved out of the Commonwealth. The Act of 1867 is not limited in its application to citizens of this Commonwealth: Commonwealth v. Hawkins, 80 Pa. Superior Ct. 520, 523 (1923). In Commonwealth v. Hopkins, 53 Pa. Superior Ct. 16 (1913), an order for the support of a wife and child residing in Ohio was sustained, and in Commonwealth v. Sanders, 111 Pa. Superior Ct. 202 (1933), an order for the support of a wife residing in New York who admittedly came to the Municipal Court in Philadelphia for the purpose of securing a support order was sustained. See also Commonwealth v. Husinka, 127 Pa. Superior Ct. 360 (1937). In Commonwealth

ex rel. Newman v. Stark, 97 Pa. Superior Ct. 166 (1929), it was held that where a divorce has been granted in a foreign jurisdiction under the terms of which custody of the children is given to the mother, the courts of this State may enter a support order against the husband for the benefit of the children. The record in that case does not indicate whether the order for custody also contained an order for support.

This court having had jurisdiction at the time the original support order was entered, it is clear under the authorities cited that nothing could be done to oust that jurisdiction. The mere fact that a court of another State entered a subsequent order on the same subject matter could not have that effect as the jurisdiction of the courts of this State cannot be made to depend upon action taken by courts of another State. The question remains, however, whether the fact that the prosecutrix is now living in Maryland and that there is an order for support issued by a Maryland court should move this court to vacate the order of support originally entered here.

We can see the possibility of difficulties arising from the two orders. However, in A. L. I. Restatement of the Conflict of Laws, sec. 458, it is said:

"No state will directly enforce a duty to support created by the law of another state", and under comment (a) it is said:

"Whether the duty is criminal or civil in character, its enforcement is of no special interest to other states and since the duty is not imposed primarily for the benefit of an individual, it is not enforceable elsewhere under principles of the Conflict of Laws."

Thus it would seem that it is at least questionable whether the order for support entered by the Maryland court could be enforced against defendant in this jurisdiction, where he is a resident. In view of that fact and the further fact that that order was entered in a proceeding instituted by defendant while he was under

an order of this court to support his children, the order of this court should not be vacated.

And now, March 23, 1946, the petition to vacate the order of October 16, 1944, is granted insofar as said order relates to Helen L. Darr, prosecutrix, but is denied as to the support of Helen Louise Darr and Donna Rae Darr. The order is amended so as to direct defendant to pay the sum of $14 per week to Helen L. Darr for the support of the said two minor children from September 10, 1945, the date of the divorce entered by the Circuit Court of Washington County, Maryland.