## IN RE ORDER ON THOMAS JAMES.

### CERTIORARI TO THE COURT OF QUARTER SESSIONS OF PHILADELPHIA COUNTY.

Argued April 6, 1887—Decided April 18, 1887.

1. To give the Court of Quarter Sessions jurisdiction under the 28th section of the act of 13th June, 1836, P. L. 547, and its supplement of the 15th April, 1857, P. L. 191, to make an order for the support of a poor person, the petition must be presented by some one having an interest in the support of such poor person.

2. Under said acts the sum to be paid must be levied by the process of the said court and the order cannot be enforced by attachment and commitment.

Before Mercur, C. J., Gordon, Trunkey, Sterrett, Green and Clark, JJ.　Paxson, J., absent.

No. 190 July Term 1886, Supt. Ct.; court below, No. 164 September (?) 1885.　Q. S.

In the court below Jane Dubois presented her petition averring that Henrietta and Lizzie James, aged sixteen and thirteen years respectively, were poor and unable to work and had a grandfather, Thomas James, who had means, was able to support them, but would not. The petition did not aver any interest of the petitioner. After citation the court, T. K. Finletter, P. J., made an order requiring Thomas James to

pay the sum of $6 per week for the support of said children, until they were able to support themselves, and to give bond in $1,000 for the performance of the order, and subsequently awarded an attachment to enforce said order by commitment. After several ineffectual attempts to have said orders revoked, Thomas James obtained a writ of certiorari assigning the said orders as error.

*Mr. J. Rich Grier*, for the plaintiff in error:

The order was not made upon the petition or complaint of the overseers of the poor, the father, mother, grandfather, grandmother, or of the children themselves : §§ 5 and 6, act of June 13, 1836.

The court had no power to make the order requiring security : Dierkes v. Philadelphia, 93 Penn. St. 270 ; or to enforce the order by attachment or commitment : § 13, act of March 21, 1806, P. L. 332.

*Mr. James H. Shakespeare*, for the defendant in error, without paper-book.

MR. CHIEF JUSTICE MERCUR: The person applying must be one who can bring himself within the status of a person entitled.

*Mr. Shakespeare:* Will your Honors allow me to file affidavit of diminution of record to show this ?

MR. CHIEF JUSTICE: It is too late after argument.

OPINION, MR. CHIEF JUSTICE MERCUR :

This was a proceeding under the act of 13th June, 1836, and its supplement of 15th April, 1857, P. L. 191, to compel Thomas James to pay for the support of two of his minor grandchildren. The Court of Quarter Sessions made the order prayed for. The making of this order, and the method of enforcing the payment of the sums directed to be paid, present the errors assigned.

As the act of Assembly does not authorize any appeal in such cases, we cannot review the evidence, but are restricted to an examination of the record only. To sustain the order the record must be sufficiently regular in form, and must show that the Quarter Sessions had jurisdiction of the party and the

subject matter.   The 25th [28th] section of the act of 13th June, 1836, does not state in specific language by whom the application may be made.   Other parts of the same act sufficiently show, when the application is made by the overseers of the poor, an order must first have been obtained from two magistrates of the proper county, directing them to furnish relief to the poor person named.   It is to "relieve and support such poor person" that the aid of the Quarter Sessions can be invoked.   Until the obligation is imposed on the overseers to furnish relief, they have no interest in such poor person as to authorize them to apply to the Quarter Sessions under the act of 1836.   A person having no interest could not make the application.

The supplementary act of 15th April, 1857, modifies the former act to this extent: It gives to the Quarter Sessions jurisdiction to make the order or decree either on the petition of the overseers of the poor or of any other person or persons having an interest in the support of such poor person or persons, and either with or without an order of relief having been first obtained.   The court has no jurisdiction on the application of any person or authority not designated by this act: Wertz v. Blair County, 66 Penn. St. 18. It was held in O'Connors' Appeal, 104 Idem 437, that a poor person who came within the act imposing upon a relative the liability to relieve and support him, might make the application himself; that he had such an interest in himself that he might make the application under the act of 1857.

The Court of Quarter Sessions has no power or authority to entertain the petition or make the order unless the petition is by some one having an interest in the support of the poor person.   Such an interest is essentially necessary to give the court jurisdiction.   The act is silent as to the kind or extent of the interest: O'Connors' Appeal, *supra*.   The whole proceeding necessary to give the court jurisdiction is prescribed by the statute.   The record must show those facts.   In this case they are not shown.   There is no averment in the petition that the person making it has any interest in the support of the poor persons named.   It follows the court had no jurisdiction to entertain the application.

The method attempted for the enforcement of the order is

not authorized by the statute.   The act of 1836, and in that respect not changed by the act of 1857, directs the sum ordered to be paid " shall be levied by the process of the said court" and be applied to the relief and maintenance of such poor person : Dierkes v. City of Philadelphia, 93 Penn. St. 270.   The statute prescribes no other or further remedy for its enforcement.   The order in so far as it directed that Thomas James stand committed until the money be paid is clear error.

The several assignments of error are therefore sustained.

Judgment reversed.