## Commonwealth v. Rogers.

*Appeal—Proceedings in desertion—Limited jurisdiction of appellate courts.*

Proceedings under the Act of April 13, 1867, P. L. 78, which provides
for relief of wives and children deserted by husband and father are not
reviewable on the merits. The revisory jurisdiction of the appellate courts
was not enlarged by the Acts of May 9, 1889, P. L. 158, or June 24, 1895,
P. L. 212.

The evidence cannot be brought upon the record and the appellate court
will not decide that a reason given by the court below was illegal when
it would be improper to do so without examining the facts developed on
the hearing, and reviewing the case on its merits.

Argued Nov. 19, 1900. Appeal, No. 221, Oct. T., 1899, by
plaintiff, in suit of Commonwealth of Pennsylvania at the in-
stance of Mary K. Rogers against Harvey E. Rogers, from de-
cree of Q. S. Chester Co., dismissing petition for support.
Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and
W. D. PORTER, JJ. Affirmed. Per Curiam,

Application for the support of wife and children under the Act of April 13, 1867, P. L. 78. Before HEMPHILL, P. J.

The court made the following orders:

And now, to wit: March 14, 1899, this proceeding came on to be heard, and the court declined to make any order at this time concerning the support of the complainant and her children, but continued the matter till the next term of court, and suggested that in the mean time she return to her husband; that he, the said Harvey E. Rogers, must pay the costs of this proceeding and give bond in the sum of $300, with surety to be approved by the court, to keep the peace towards the said complainant, Mary Rogers, his wife.

And now, to wit: June 13, 1899, the application for support of petitioner on her own behalf and her children is dismissed, and the court declines to make any order for the support of said wife or her children, because she has not returned to her husband pursuant to the suggestion contained in the decree of March 14, 1899, and that the defendant has sought to comply therewith by his letter of May 5, 1899.

Petitioner appealed.

*Error assigned* was in dismissing petitioner's application for support of herself and children.

*Chas. H. Pennypacker*, with him *Joseph H. Baldwin*, district attorney, for appellant.—The jurisdiction of the court below is conceded, and the regularity of the proceeding is the only matter for the court of last resort to consider: Com. v. Hart, 12 Pa. Superior Ct. 605.

The entire evidence in this case is before the court of last resort. The certiorari brings up the complete case. Nothing was heard in the court below which is not before this court.

The law was enacted for the relief of the wife and the child, and such relief is refused. The court of last resort has the power to look into the evidence to see if any discretion at all was exercised: Keller v. Com., 71 Pa. 413.

There is such substantial irregularity, such absence of sound discretion shown in this case as should induce the Superior Court to compel the father and husband to obey not only the common dictates of humanity, but also the law of the land.

*J. Frank E. Hause*, for appellee.—That the merits of cases of this character cannot be inquired into by an appellate tribunal has been repeatedly decided. The case is here as on certiorari, and nothing can be examined except the regularity of the record, and the testimony is no part of the record: Com. v. James, 142 Pa. 32; Com. v. Hart, 12 Pa. Superior Ct. 605; Com. v. Smith, 13 Pa. Superior Ct. 358.

PER CURIAM, December 10, 1900:

This was a proceeding under the Act of April 13, 1867, P. L. 78, which provides "for the relief of wives and children deserted by their husbands and fathers in this commonwealth." Prior to the Act of May 9, 1889, P. L. 158, the only mode of review of the order of the quarter sessions in such a case was by certiorari, under which the jurisdiction of the court and the regularity of the proceedings were the only matters to be considered. The case was not reviewable on its merits. This revisory jurisdiction was not enlarged by the act last referred to nor by the Act of June 24, 1895, P. L. 212, establishing the Superior Court. We have the same jurisdiction on appeal that the Supreme Court had on certiorari prior to the act of 1889, and no greater: Commonwealth v. Barnes, 11 W. N. C. 375; Commonwealth v. James, 142 Pa. 32; Commonwealth v. Tragle, 4 Pa. Superior Ct. 159; Commonwealth v. Hart, 12 Pa. Superior Ct. 605; Commonwealth v. Smith, 13 Pa. Superior Ct. 358. See also Colwyn v. Tarbotton, 1 Pa. Superior Ct. 179. The jurisdiction of the court below is conceded. Were the proceedings regular? The record shows that after two hearings the court refused to make an order for support and dismissed the petition. If the case rested here, it would be clear that we would have no authority to reverse upon the ground that under the evidence the court ought to have entered a different order. We know of no mode, statutory or otherwise, whereby the commonwealth or the prosecutor in such a case can have the evidence given on the hearing brought on the record for purposes of review on appeal. But the court set forth in its order the reason therefor, and, possibly, if this was not a legal reason, we would have authority to send the case back to be heard and decided on its merits. It is not clear, however, that the reason given by the court was not a legal reason. We

cannot declare that it was not, without examining the facts developed on the hearing and reviewing the case upon its merits, which it has been decided repeatedly we have no authority to do. Finding no irregularity in the proceedings, and no such abuse of discretion as would justify us in interfering being apparent, the order is affirmed.