## Overseers of the Poor v. Knisely, Appellant.

*Appeals—Poor law—Order for support—Act of June* 13, 1836, *P. L.* 547, *sec.* 28.

No appeal lies from an order of the court of quarter sessions made under section 28 of the Act of June 13, 1836, P. L. 547, directing a father to pay the overseers of the poor a certain sum per month for the support of his son. The appellate court is restricted on certiorari to an examination of the record only, and cannot review the evidence.

*Poor law—Order for support—Parent and child—Ability of parent.*

The court of quarter sessions has jurisdiction to make an order on a father·to pay a certain sum per month for the support of his son where the petition avers that the father " is of sufficient ability to relieve and maintain his said son." The petition need not set forth in detail the property and income of the respondent. These are matters to be proved on the hearing.

*Poor law—Insane pauper—Order for support—Act of June* 13, 1836, *P. L.* 547, *sec.* 28.

If the other essentials are averred and proved in a proceeding for an order on a father to support his son, the fact that the pauper is confined in a lunatic asylum at the expense of the poor district will not relieve the father charged with the son's support under section 28 of the Act of June 13, 1836, P. L. 547.

Argued March 13, 1901. Appeal, No. 7, March T., 1901, by defendant, from order of Q. S. Juniata Co., Sept. T., 1899, No. 5, directing father to pay a certain sum per month for the support of his son in case of Overseers of the Poor of Walker Township v. William Knisely. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition for an order on a father to pay a certain sum per month for the support of his son.

The petition for the order was as follows:

The petition of David Diven and William M. Lauver, overseers of the poor of the township of Walker, in said county, respectfully represents :

That, on complaint of William Knisely, of said township of Walker, Wm. Fry and Joseph W. Stimmel, two justices of the peace in and for said county, on March 1, 1899, made an order for the relief of one Thomas Knisely, and that said order of relief was immediately placed in the hands of said overseers.

That said pauper, Thomas Knisely, is insane and is confined in the Pennsylvania State Lunatic Hospital, at Harrisburg, at the expense of the said poor district of the township of Walker.

That the said pauper, Thomas Knisely, is a poor person and by reason of his insanity and confinement in the hospital aforesaid, is unable to work or procure a livelihood by any species of employment.

That the William Knisely, aforesaid, is the father of the said pauper, Thomas Knisely.

That the said William Knisely is a resident of the said township of Walker and is of sufficient ability to relieve and maintain his said son, Thomas Knisely.

That your petitioners have applied to and requested the said William Knisely, to contribute something towards the relief and maintenance of his said indigent, insane son, but that the said William Knisely declined and refused to do so.

Your petitioners therefore respectfully pray your honorable court to make an order directing the said William Knisely to contribute to the relief and maintenance of his indigent insane son, Thomas Knisely, in such sums and under such terms and conditions as the court may deem just and proper. And they will ever pray.

The Act of assembly of June 13, 1836, sec. 28, P. L. 547, provides :

" The father and grandfather, and the mother and grandmother, and the children and grandchildren of every poor person not able to work, shall, at their own charge, being of sufficient ability, relieve and maintain such poor person, at such rate as the court of quarter sessions of the county where such poor person resides shall order and direct. . . ."

The court in an opinion by LYONS, P. J., made an order di-

recting William Knisely to pay to the overseers of the poor of Walker township the sum of $5.00 per month for the maintenance and support of his son.

*Error assigned* was the order of the court.

*J. Howard Neely,* for appellant.—A petition should contain a statement of the essential facts of the case presented and not conclusions of law: Winebrenner et al. v. Colder et al., 43 Pa. 244; Thompson's Appeal, 126 Pa. 367; Barry v. McAvoy, 10 Phila. 99; Morck v. Pennsylvania Gas Co., 8 Pa. C. C. Rep. 131; Clopper v. Greensburg Borough, 9 Pa. Dist. Rep. 598.

*J. N. Keller,* for appellee.

OPINION BY RICE, P. J., July 25, 1901:

This is an appeal by the respondent from an order made under the 28th section of the Act of June 13, 1836, P. L. 547, directing him to pay the overseers of the poor of Walker township the sum of $5.00 per month from January 1, 1900, to May 1, 1900, for the maintenance and support of his son Thomas Knisely, and that he further pay to the said overseers of the poor the sum of $5.00 per month for the purpose aforesaid, until this order shall be suspended or revoked." We are asked to review the case on its merits; that is, to determine whether the judge's findings of facts were warranted by the evidence, and, if warranted, whether his legal conclusions based thereon were correct. We do not think we have authority to go into that inquiry. The section under which the proceedings were had is part of the general act of 1836 "relating to the support and employment of the poor." It required further legislation to give the party aggrieved by the action of the quarter sessions upon an order of removal, the right to a bill of exceptions and a writ of error (Act of March 16, 1868, P. L. 46), but we know of no legislation extending the provisions of the act of 1868, or giving similar rights, to persons aggrieved by an order made under the 28th section of the act of 1836. On the contrary in a case arising under that section in 1887, Chief Justice MERCUR, delivering the opinion of the Supreme Court, said: "As the act of assembly does not authorize any appeal in such cases, we cannot review the evidence, but are restricted to an examination of the record only:" In re James, 116 Pa. 152. In view of this decision of

the precise point, it is unnecessary to cite other cases upon the subject of appellate jurisdiction in quarter sessions cases. The Act of June 24, 1895, P. L. 212, conferred upon the Superior Court the same appellate jurisdiction in such cases that the Supreme Court had, on certiorari prior to the Act of May 9, 1889, P. L. 158, and no greater: Colwyn Boro. v. Tarbotton, 1 Pa. Superior Ct. 179 ; Com. v. Kohnle Brewing Co., 1 Pa. Superior Ct. 627 ; Com. v. Rogers, 15 Pa. Superior Ct. 461.

The only assignment of error which alleges any defect in the record is the second, but we do not think this is well taken. We entirely agree with counsel that the petition should aver all the essential jurisdictional facts (In re James, supra) amongst which must be an averment that the respondent is " of sufficient ability." The petition in the present case averred : " That the said. William Knisley is a resident of the said township of Walker, and is of sufficient ability to relieve and maintain his said son, Thomas Knisely." This, with the other averments of the petition was sufficient in law to give the court jurisdiction, without setting forth in detail the property and income of the respondent. These were matters to be proved on the hearing.

It further appears in the petition that on complaint of the respondent an order for the relief of his son Thomas was issued by two justices of the peace which was immediately placed in the hands of the overseers, also, that he is insane and is confined in the Pennsylvania State Lunatic Hospital at Harrisburg at the expense of the poor district of Walker township. If the other essentials are averred and proved, the fact that the pauper is confined in a lunatic hospital at the expense of the poor district will not relieve those chargeable with his support under the 28th section of the act of 1836 : Wertz v. Blair Co., 66 Pa. 18.

These are the only questions arising upon the record that need be noticed. Finding no error therein we are compelled to affirm the order. But in doing so we are not to be understood as concurring in all the conclusions or the reasoning expressed in the opinion filed by the court below. As they are not before us for review and correction, we express no opinion upon them. All that we decide is that the record shows that the court had jurisdiction and that its proceedings were regular.

Order affirmed.