# Philadelphia *v.* Hays, Appellant.

*Poor law—Order for support—Act of June 13, 1836, P. L. 539—Appeal—Record—Evidence.*

1. An appeal from an order of the quarter sessions in proceedings under the Act of June 13, 1836, P. L. 539, directing a grandfather to pay a weekly sum for the support of his grandchild, acts as a certiorari only, and does not carry up the evidence.

2. In such a case the order will be sustained if the affidavit on which the proceeding is based shows that the respondent was the grandfather of the child, that he resided within the jurisdiction of the court, and that he was of financial ability to maintain or aid in maintaining the child.   It is not necessary that the record should show that the child had been legally found to be a pauper.

3. If such an order, however, after directing the payment of the weekly sum, goes further and directs the respondent to pay the costs, to give security for future weekly payments and to stand committed until the order is complied with, the portions of the order relating to the payment of costs and the giving of a bond, will be stricken off by the appellate court as unwarranted by law.

Argued Dec. 17, 1913.   Appeal, No. 241, Oct. T., 1913, by defendant, from order of Q. S. Phila. Co., for support in case of City of Philadelphia v. George A.

Hays.   Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ.   Order modified.

Citation for order for support.

The affidavit for the citation was as follows:

" Personally appeared before me, a notary public of the Commonwealth of Pennsylvania, residing in the City and County of Philadelphia, Iola Pierre Gudenkauf residing at 3936 Girard Avenue in the city and county aforesaid, who, being duly sworn according to law, deposes and says that she is the divorced wife of Frank G. Hays (who is out of the jurisdiction and cannot be located) and the mother of his minor child, Evelyn, age 5 years, who is poor and unable to work.

" Deponent further says that the said Evelyn Hays has a grandfather named George A. Hays, residing at 3922 Girard Avenue in the city and county of Philadelphia, who has means and is able to maintain the said Evelyn Hays, but will not.

"IOLA P. GUDENKAUF,

"3936 Girard Avenue."

The court made the following order:

And now, November 5, 1913, the court having heard the parties in the within case, their proofs and allegations, order and decree that the said defendant, George A. Hays, 3922 Girard avenue, pay to Iloa Gudenkolf, 3936 Girard avenue, the sum of $2.00 per week for the support of his grandchild, Evelyn Hays, from November 5, 1913, and give security by his own bond to the commonwealth in the sum of $500 for the faithful performance of this order, pay the costs and stand committed till the order is complied with.

*Error assigned* was the order of the court.

*Henry J. Scott,* for appellant.—There was nothing to show that the child was a pauper: Whiting's Case, 3

Pitts. 129; Clement's Petition, 5 Pa. Dist. Rep. 295; Central Poor Dist. v. Hirner, 5 Kulp, 265.

The court erred in requiring payment of costs and entry of bond: Salem Township v. Cook, 6 Pa. C. C. Rep. 624; Hunlock Township Poor District v. Hufford, 8 Kulp, 202; West Perry Township Overseers v. Schrawder, 31 Pa. C. C. Rep. 546; Dierkes v. Phila., 93 Pa. 270; In re James, 116 Pa. 152; Com. v. Quigg, 46 Pa. Superior Ct. 390.

*Otto Wolff, Jr.*, with him *James B. McGrane*, assistant city solicitors, and *Michael J. Ryan*, city solicitor, for appellee.—The evidence cannot be reviewed: In re James, 116 Pa. 152.

The order may be modified as to costs and bond: Rodgers v. Black, 15 Pa. Superior Ct. 498; Boaz v. Heister, 6 S. & R. 18; Stephens v. Cowan, 6 Watts, 511; Daniels v. Com., 7 Pa. 371; McMicken v. Com., 58 Pa. 213.

Opinion by Head, J., February 20, 1914:

This was a proceeding under sec. 28 of the Act of June 13, 1836, P. L. 539. As was said by Chief Justice Mercur, In re order of Thomas James, 116 Pa. 152, referring to the statute quoted: "As the act of assembly does not authorize any appeal in such cases, we cannot review the evidence, but are restricted to an examination of the record only." Recognizing this necessary limitation of our power in a case of this character, the able counsel for the appellant has not printed in his paperbook any part of the evidence heard in the court below. No opinion was filed by the learned judge who made the order. It remains therefore for us but to inquire whether the affidavit on which the proceeding was founded discloses a case within the jurisdiction of the court, and if so, to determine whether the order made was regular and within the power conferred on the court by the statute. The affidavit discloses that it was

made by the mother of a minor child "who is poor and unable to work." It further declares "that the respondent is the grandfather of the said child; that he resides within the jurisdiction of the court, and that he is of financial ability to maintain or aid in maintaining the child referred to." A comparison of these averments of fact with the language of the statute leads us to conclude that the case is clearly within the class defined by the legislature, and therefore within the jurisdiction of the court of quarter sessions of the proper county. We cannot agree with the contention of the learned counsel for the appellant that the statute was meant to charge, upon the persons named and described therein, the maintenance of only such persons as have been legally found to be paupers, as that term is used in many statutes and judicial decisions. The law intends no useless thing. If the evidence heard by the learned judge below satisfied him that the child referred to in the affidavit was without means, unable to depend on her own exertions for her maintenance and support, it was manifestly within his power to determine that those who stood within the degrees of relationship to her defined by the statute must supply her with such necessary means of livelihood, to the end that she might not become a pauper to be supported at public expense. We are of opinion, therefore, that the court had jurisdiction to make that portion of the order which directs the respondent grandfather to pay the sum of $2.00 per week for the support of his grandchild.

It is equally clear that the remaining portion of the order which requires him first to pay the costs, to give security for the faithful future performance of the duty imposed on him and to stand committed until the order is complied with, has no warrant in the statute. The learned counsel for the appellee frankly concedes that in this respect the order was inadvertently made, as many cases have held that such order is without any statutory authority. This inadvertent error of the learned judge

below does not, however, require that we should reverse the entire order and set aside the proceeding. Ample power is given to us to modify judgments or decrees so that they may not exceed the power of the court entering them. We will therefore modify the order by striking off that portion of it requiring the respondent to pay the costs and give security and stand committed until the order is complied with, and as so modified, the order is affirmed.

Order modified and affirmed.