# Commonwealth v. Palmer, Appellant.

*Courts—Municipal court of Philadelphia—Jurisdiction—Order for support of minors—Act of July 12, 1913, P. L. 711.*

1. Under the Act of July 12, 1913, P. L. 711, the Municipal court of Philadelphia county has no jurisdiction to revise, modify or set aside a final order made by the quarter sessions for the support of a minor, for matters or reasons existing anterior to the making of the

order, and which might have been brought before the court of quarter sessions at the first hearing.

2. An appeal for an order for support of a minor has the effect only of a certiorari, and the appellate court is therefore restricted to an examination of the record.

Argued Dec. 11, 1914.   Appeal, No. 233, Oct. T., 1914, by defendant Elizabeth B. Palmer, from order of support of Municipal Court of Philadelphia Co., March T., 1914, No. 202, in case of Commonwealth v. Elizabeth B. Palmer and Ella O. Benners.   Before Rice, P. J., Orlady, Head, Kephart and Trexler, JJ.   Reversed.

Petition for order for support.

From the record it appeared that in March, 1912, Mary I. Palmer petitioned the court of quarter sessions for an order of support against the defendants, her children's maternal and paternal grandmothers.   The court dismissed the petition and subsequently on a second application marked the case "continued indefinitely."   In 1914, the petitioner without filing a new petition ordered the case on the municipal court list, and the following order was made:

And now, to wit: August 11, 1914, the court having carefully considered the testimony offered in the above stated case wherein the petitioner, Mary I. Palmer, mother of the minor children, Elizabeth Palmer aged four years and Irene Palmer aged two years, petitions this court for an order upon Elizabeth Palmer, paternal grandmother of the said minor children, and Ella O. Benner, their maternal grandmother, for their support.

It is therefore ordered and decreed by the court that an order be entered against the said Elizabeth Palmer and Ella O. Benner, paternal and maternal grandmothers of the said minor children, for the sum of $2.50 a week for each of the two minor children.

*Error assigned* was the order of the court.

*Lewis Lawrence Smith,* for appellant.

No printed brief for appellee.

OPINION BY RICE, P. J., February 24, 1915:

This is an appeal by Elizabeth B. Palmer from an order of the municipal court of Philadelphia directing her and Ella O. Benners, paternal and maternal grandmothers of Elizabeth Palmer and Irene Palmer, to pay $2.50 a week for the support of each of said minors. We have not had the benefit of any argument, oral or printed, on behalf of the commonwealth or of the petitioner. Nor have we the aid of an opinion by the municipal court. We are safe in saying, however, that the authority to make the order is supposed to rest on sec. 28 of the Act of June 13, 1836, P. L. 547, and its supplement of April 15, 1857, P. L. 191. The general jurisdiction over the class of cases therein referred to was vested by these acts in the court of quarter sessions. If the municipal court has jurisdiction, it is derived from the same acts through clause (a) or clause (b) of sec. 11 of the act creating that court (Act of July 12, 1913, P. L. 711). Clearly, clause (a) does not apply to the case in hand. And even if it be conceded that clause (b) gives the municipal court general jurisdiction over the class of cases to which this belongs (a point not decided), the proceeding in that court was, to say the least, not in accordance with the good practice which is recommended in Com. ex rel. v. Schichter, in an opinion by Judge HEAD which is herewith filed. But there is objection of a more substantial nature. Apparently the municipal court assumed jurisdiction under a proceeding that had been instituted in the quarter sessions before the municipal court was created. That proceeding was begun by the petition of Mary A. Palmer, mother of the minors and widow of James H. Palmer, their father, who was the appellant's son. Thereupon the court granted a rule on the respondents to show cause why the order prayed for should not be made, and on the same day

issued a citation. The appellant filed a separate answer, alleging matters which, if in accordance with the facts, were sufficient to defeat the application. Later the court discharged the rule, presumably after the parties had been heard or had had an opportunity to be heard. A few months later the court of quarter sessions, another judge presiding, issued another citation to the respondents, which was substantially the same as the former. It is said that this citation was not supported by a new petition; at any rate, the docket entries do not show that one was filed, and none is brought up with the record. To this citation the appellant filed an answer containing the same matters that had been alleged in her former answer and also the following: "For a further answer your respondent avers that said petitioner in March of 1912 presented her petition to your honorable court for exactly the same relief which she now prays for and that your respondent thereupon filed her answer setting forth the facts aforesaid, and that the matter came on to be heard before the Honorable Norris S. Barratt and the prayer of said petition was refused. Your respondent avers that there has been no change of circumstances from that time to the present, except that the health of your respondent's other son has become more precarious and the charges on your respondent's income thereby increased. She therefore avers that the issue involved in said petition and this answer is res adjudicata." A few days later the court made an order continuing the cause indefinitely. No appeal was taken from either of these orders of the quarter sessions, nor was any petition presented to that court asking for a reconsideration. There the matter rested from November 27, 1912, until April 21, 1914, when the petitioner filed in the municipal court a traverse of the answer the appellant had filed in the quarter sessions, and to this the respondent filed a supplemental answer, and then the order complained of followed.

The appeal from such an order has the effect only of a certiorari. Therefore, we are restricted to an examination of the record: In re James, 116 Pa. 152; Overseers of the Poor v. Knisely, 17 Pa. Superior Ct. 415; Phila. v. Hays, 56 Pa. Superior Ct. 352. It is argued by appellant's counsel that, on the undisputed facts as disclosed by the petition, answers, and traverse, the case should have been decided in the appellant's favor on the merits. We will not discuss that question. It is sufficient, for present purposes, to say that the respondents' first answer filed in the quarter sessions presented a meritorious defense, and that it was the province of that court to determine, from the facts developed before it on the hearing of the rule to show cause, whether it was sustained. There is nothing in the record to indicate that the court's discharge of that rule was not intended to be a final adjudication, or that the petitioner did not have a full opportunity to present all the pertinent facts. Granting that it was within the province of the court of quarter sessions to open or rescind that order, the record does not furnish unequivocal evidence that it did so. Granting, also, that the jurisdiction conferred on the municipal court, by clause (a) and clause (b) of sec. 11 of the act of 1913, extends to the enforcement of orders made by the quarter sessions in the classes of cases therein referred to, and to the completion of proceedings in such cases begun in the quarter sessions and pending at the time of the creation of the municipal court, it is clear, beyond question, that the section referred to does not expressly confer, and cannot reasonably be construed as conferring, authority on the latter court to revise, modify, or set aside final orders made by the quarter sessions, for matters or reasons existing anterior to the making of them and which might have been brought before the court of quarter sessions at the first hearing. Therefore, without discussing the questions of practice or procedure or the merits of the case, and assuming everything that can be

assumed in favor of the jurisdiction of the municipal court, our conclusion is that it had not jurisdiction under the circumstances of the present case.

The order of the municipal court is reversed and all the proceedings therein are set aside, at the, costs of the appellee.