## Commonwealth ex rel. *v.* Sachse, Appellant.

*Poor laws—Grandparent and grandchild — Support — Municipal Court of Philadelphia County—Jurisdiction.*

Under the Act of July 12, 1913, P. L. 711, the Municipal Court of Philadelphia County has no jurisdiction to make an order on a grandparent for the support of his grandchild.

Argued Oct. 20, 1916.   Appeal, No. 160, Oct. T., 1916, by defendant, from order of Municipal Court Philadelphia Co., Feb., 1914, No. 127, for support in case of Commonwealth ex rel. Helen Kaercher v. Julius Sachse and

Franklin P. Kaercher. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Petition for order for support.
The opinion of the Superior Court states the case.

*Error assigned* was order for support.

*Ulysses S. Koons,* for appellant.—The court below had no jurisdiction: Caruso v. Gallo, 62 Pa. Superior Ct. 584; Philadelphia v. Miller, 42 Pa. Superior Ct. 471; Brown v. County Commissioners, 21 Pa. 37; Hunt's Est., 133 Pa. 260; Eichelberger's Est., 5 Pa. 264; Com. ex rel. v. Shecter, 250 Pa. 282.

*Charles Edwin Fox,* with him *Samuel P. Rotan,* District Attorney.

OPINION BY TREXLER, J., March 9, 1917:

The appellant, Julius F. Sachse, was ordered by the Municipal Court of Philadelphia to pay a monthly sum of fifteen dollars for the support of his grandchild; said order being made under the Act of June 13, 1836, P. L. 547. The question as now presented to us arises upon a petition by the said Julius F. Sachse to the said court asking that the order be revoked. The court declined to grant the petition. The first matter that presents itself is a challenge to the jurisdiction of the Municipal Court. The question was not raised in the court below but as has been decided in a number of cases it may be raised at any time. Where the judgment is void for want of jurisdiction to enter it, it matters not how, or in what mode or at what time the objection is brought to the attention of the supervising court: Caruso v. Gallo, 62 Pa. Superior Ct. 584.

The 28th section of the Act of June 13, 1836, P. L. 547, provides: "The father and grandfather and the mother

and grandmother and the children and grandchildren of every poor person not able to work, shall, at their own charge being of sufficient ability, relieve and maintain such poor person at such rate as the Court of Quarter Sessions of the county where such poor person resides shall order and direct, on paying or forfeiting a sum not exceeding $20 for every month they will fail therein, which shall be levied by the process of the said court and applied to the relief and maintenance of such poor person." The act, it will be observed, placed the jurisdiction in the Quarter Sessions. The question therefore for our decision is whether the Act of July 12, 1913, P. L. 711, establishing the Municipal Court for the County of Philadelphia gave it any jurisdiction in proceedings against a grandfather for the support of a grandchild. In Commonwealth v. Palmer, 59 Pa. Superior Ct. 307, this court declined to express any opinion as to whether the Municipal Court Act gave jurisdiction to said court in such cases as an answer to that question was not necessary to the decision of the case. In the present case we are directly confronted with the question.

The pertinent clauses in the Municipal Court Act of July 12, 1913, P. L. 711, Section 11, are as follows: "The jurisdiction of the Municipal Court shall be exclusive: (a) In all proceedings brought against any husband or father, wherein it is charged that he has without reasonable cause separated himself from his wife or children, or from both, or has neglected to maintain his wife or children; and in all proceedings where any child of full age has neglected or shall neglect to maintain his or her parents not able to work or of sufficient ability to maintain themselves; and in all proceedings for the custody of children. (b) In all proceedings concerning dependent, delinquent or neglected children, as defined by existing laws relating thereto which are hereby made applicable to proceedings in the Municipal Court."

We note that the first part is limited to husband or father and to wife and children. It has relation

to cases of desertion and nonsupport where the head of the household separates himself from the rest of the family and fails to support them. The next part of the section evidently has reference to all persons coming within the purview of the Act of June 25, 1895, P. L. 269, Sec. 1, which provides that if any child of full age has neglected or hereafter without reasonable cause shall neglect to maintain his or her parents not able to work or of sufficient ability to maintain themselves, he may be brought before the Court of Quarter Sessions, there to be dealt with in the manner provided by said act and the very last portion of the clause has reference to proceedings for the custody of children. It is evident that in clause (a) there is no reference made to proceedings against a grandfather for neglect to support his grandchild. If we turn to clause (b) of section 11 we find that it applies to dependent, delinquent or neglected children as defined by existing laws relating thereto. This has reference to a class of children defined in the Act of April 23, 1903, P. L. 274, creating a Juvenile Court, in which act the terms "dependent," "neglected" and "delinquent" children are severally defined. That act applies to such as are under the age of sixteen years. The Municipal Court act provides for the holding of a Juvenile Court by a judge of the Municipal Court, and the act clearly transfers the functions of the Quarter Sessions as to such juveniles to the Municipal Court. Appellant contends that the terms "dependent" or "neglected" children are broad enough to cover all kinds of children and that the person under the law chargeable with the support of such child is amenable to the orders of the Municipal Court. It is broadening the language too much in our opinion to hold that the employment of the above terms gives the court jurisdiction in a case like the one before us. The Act of 1836 under which this proceeding is brought is not an act relating to indigent children. The term there is indigent relative and there is no allusion made to the age of the person in want. The

basis upon which relief is given is upon the person's inability to work, and his need of assistance, and the ability of the respondent to furnish relief, and the relief is provided irrespective of age. It might be argued that the legislature intended that jurisdiction in all nonsupport cases should be given to the Municipal Court and that it is absurd to hold that the framers of the act intended that jurisdiction in cases of nonsupport against grandparents should be retained by the Court of Quarter Sessions. The answer to this is that what the legislature intended must be taken from the language used and where the words used are plain, as in this case, we should not broaden their meaning in order to avoid a seeming incongruity in the working out of the provisions of the law. Former acts gave the Court of Quarter Sessions jurisdiction in all nonsupport and desertion cases. Whatever powers in this regard are not taken away still reside in said court. No powers are conferred upon the Municipal Court except such as are expressly conferred or impliedly given. See Com. v. Shecter, 250 Pa. 282.

It can hardly be argued that the word "children" embraces grandchildren. A glance at the legislation in regard to these subjects shows that they have been recognized as entirely distinct and in all the acts there is no place where the two terms are treated as synonymous. The term "children" does not include "grandchildren" unless such interpretation is imperative: 2 Cyc. 126, and in our own State it has been held in the construction of wills that the term "children" does not ordinarily include "grandchildren."

We have come to the conclusion that the Municipal Court Act does not apply to cases such as the one before us and that therefore the court not having jurisdiction the whole proceeding falls.

The order of the Municipal Court is reversed and all proceedings are set aside.