## In re Bauer

*George T. Steeley,* for exceptant.
*Gilbert P. High,* contra.

KNIGHT, P. J., April 2, 1937.—On December 4, 1936, Dorothy Bauer filed a petition in this court in which it was averred that her father, John A. Bauer, and her mother, May W. Bauer, were without means of support and unable, by reason of physical incapacity, to support themselves. The petition further averred that the said couple have five natural daughters, Margaret Kitzelman,

Katharine Blasius, May Collins, Helen Dressler, and petitioner, all of whom are of age.

It was averred also that the full burden of supporting her father and mother has fallen upon petitioner, except for some occasional assistance given by her sisters May Collins and Helen Dressler. Petitioner asked for a rule upon her four sisters, to show cause why they should not contribute reasonably to the support of their parents. The rule was granted, and a full hearing had.

The case was continued for a week in order that the parties might have an opportunity to settle the matter without further publicity. At the continued hearing, the assistant district attorney reported that petitioner, Dorothy Bauer, had entered into an agreement to pay her parents $10 per week toward their maintenance and support, and that Margaret Kitzelman, May Collins, and Helen Dressler had signed like agreements to pay their parents $2 per week; these were the amounts suggested by the hearing judge. Katharine Blasius refused to enter into such an agreement, whereupon the court made an order upon her to pay the sum of $2 per week toward the support of her parents and to enter into her own bond for the faithful performance of the order of the court.

This we believe to be a final decree, but, in order that Mrs. Blasius might have an opportunity of presenting her case before the court in banc, exceptions were entertained, and ordered on the argument list. The case was argued and is now before us for decision.

The first exception complains that the hearing judge erred in making the order when the petition was not signed by the parents, nor were they called as witnesses at the hearing.

Section 1015 of the Act of May 14, 1925, P. L. 762, provides that the court of quarter sessions may make such orders upon petition of any person having an interest in the support of any poor person. Certainly a daughter has an interest in the support of her parents, and petitioner here is the daughter of the poor persons. The poor per-

sons were not necessary witnesses. If sufficient evidence was produced to show that an order should be made, the father and mother of defendants could well be spared the distasteful task of testifying against their children.

The second exception complains that the assistant district attorney could not, or would not, state under what act of assembly the proceeding was brought. This exception was not pressed at the argument or in the brief of counsel and, indeed, it is without merit. The action was brought under the poor laws of the Commonwealth, and if authority can be found in these laws for the proceeding the poor persons should not be denied relief simply because the district attorney refused to specify under which particular act he was proceeding. No authority has been brought to our attention, nor have we been able to find any, which would support this exception.

The fourth exception charges the hearing judge with error in entering the decree, "when the evidence did not disclose that the parents of Katharine Blasius were poor persons needing support at public expense". The Act of 1925, supra, defines a poor person as one unable to maintain himself or those dependent upon him. It is not necessary that the poor person be a pauper: in fact the very purpose of the law requiring certain relatives to contribute to the support of a poor person is to prevent such poor person from becoming a pauper to be supported at public expense: Philadelphia v. Hays, 56 Pa. Superior Ct. 352; Commonwealth ex rel. v. Milne, 90 Pa. Superior Ct. 68.

The third and fifth exceptions attack the findings of the hearing judge that the poor persons were unable to maintain themselves, and that Katharine Blasius was of sufficient ability to contribute to their support.

The mother of this defendant, Katharine Blasius, is 60 years of age and at the time of the hearing was practically an invalid, having suffered a double compound fracture of the arm on July 10, 1936. It is obvious she is unable to support herself by her own exertions. There

was some evidence that she is entitled to an undivided one-third interest in real estate in New Jersey, of uncertain value. At most this interest would not be worth more than $2,000. An undivided interest in real estate is hard to sell, and harder to borrow upon. The father of defendant, Mrs. Blasius, is 72 years old, and is suffering from a disease of the heart. He owns an old truck with which he conducts a market route two days each week. This activity brings him in about enough to supply food for the table.

The old couple have title to their home at Blue Bell, in this county, which is worth about six thousand dollars, and on which there is a mortgage of $2,700. They cannot eat the equity, and it is doubtful if they could sell the place for a fair price. With no capacity to pay interest they could not increase the present encumbrance. These elderly people have no other assets except the real estate above mentioned. They are "land poor", and unless helped by their children would have to be assisted by the public. We are of the opinion that they are poor persons within the meaning of the acts.

Mrs. Blasius owns a house for which she paid $10,000 but which she says is worth but $6,000 today. There is a $5,000 mortgage on the property, which is held by her father-in-law, and upon which she is required to pay no interest. She is employed and was making $3 per day at the time of her hearing. Her husband has a salary of $25 a week. She has two children of school age. We agree with the hearing judge that she is of sufficient ability to pay the sum of $2 per week toward the support of her father and mother.

The fifth exception charges as error the action of the hearing judge in requiring defendant to give a bond for the faithful performance of the order. Although there is some authority that a bond may be required in cases such as this: Section 1 of the Act of May 24, 1917, P. L. 268; Commonwealth v. Landis et al., 29 Dist. R. 843; Commonwealth v. Sides, 28 Dauph. 62; still we think the case

ruled by In the Matter of Lucy Jones, 96 Pa. Superior Ct. 480, wherein it is held that the court is without authority to require a bond in cases like the present. The matter of the bond is of small importance, as no security was required.

And now, April 2, 1937, the fifth exception is sustained, and the bond entered by defendant, Katharine Blasius, is hereby declared void. All the other exceptions are dismissed.