## Commonwealth v. Smith.

*Husband and wife — Desertion — Desertion in another state — Acts of April 13, 1867, and March 13, 1903—Divorce—Revocation of decree of divorce.*

1. Desertion is a continuing offence, and although the original act of desertion may have occurred in another state, when the husband comes into this State and continues the failure to support his wife, he brings himself within the provisions of the Act of April 13, 1867, P. L. 78.

2. In such case, the fact that the wife is not and has never resided in Pennsylvania does not relieve the husband of his duty to provide for her support.

3. The remedy of the wife for support, as provided by the Act of April 13, 1867, P. L. 78, has not been superseded by that provided by the Act of March 13, 1903, P. L. 26.

4. Where a husband who has deserted his wife sets up in proceedings against him a decree of divorce of another state, with an accompanying order for alimony and support, an order of the court which had granted the decree is admissible to show that such decree had been revoked on account of fraud.

Petition for support. Q. S. Lehigh Co., June T., 1924, No. 19-A.

*Orrin E. Boyle*, District Attorney, and *Butz & Rupp*, for Commonwealth.
*Groman & Rapoport*, for defendant.

Reno, P. J., and Iobst, J., Oct. 6, 1924.—This is a prosecution instituted by Nellie E. Smith against her husband, Harvey H. Smith, for support, under the provisions of the Act of April 13, 1867, P. L. 78. The case came on for hearing on Sept. 2, 1924. The relator and defendant were married in 1897 at Anderson, Indiana. After their marriage they lived for some time in the State of Kentucky, and thereafter resided in the State of South Dakota until the year 1907; after that year the marriage residence was taken up in the State of Oklahoma. The offspring of the marriage are two daughters—the one married and the other one attending school in the City of Washington, D. C. After marriage the defendant engaged in the practice of the law and at the same time engaged in racing race horses. He was a member of the legislature of the State of Oklahoma and served as a member of the Constitutional Convention of that state. Their mode of living indicated that the

defendant's income was substantial. Husband and wife lived together until the fall of 1916, and then the defendant stayed away from his home most of the time, and the following winter was seldom home; one winter residing in Kansas City, and another winter in North Dakota. In 1919 the defendant came to New York, where his wife had taken up her residence at his suggestion, where he continued to support her until the month of May, 1921, paying her the sum of $50 per week, while his personal expenses amounted to about the sum of $1000 a month. Since May, 1921, the defendant has paid nothing towards the support of his wife. The complainant testified that since 1921 the defendant has continuously resided in Allentown, Lehigh County, Pennsylvania, and this testimony not being denied by the defendant, who was in court, will be taken as a fact. The present residence of the wife is Washington, D. C. She has never resided in the State of Pennsylvania.

On Oct. 11, 1921, the defendant obtained a divorce from his wife in the District Court in and for Okmulgee County, State of Oklahoma. On Dec. 4, 1923, upon petition of Nellie E. Smith, the wife, the District Court of the county and state aforesaid set aside, vacated and held for naught the judgment in the divorce action rendered by the same court on Oct. 11, 1921, wherein H. H. Smith was libellant and Nellie E. Smith the respondent, upon the ground of fraud, the court finding that H. H. Smith was not a resident of the County of Okmulgee, Oklahoma, at the time of filing his petition, and that no service of the writ was had upon Nellie E. Smith, the respondent, although her address was known or should have been known to the libellant.

The Act of April 13, 1867, § 1, P. L. 78, reads, in part, as follows: "That in addition to the remedies now provided by law, if any husband, or father, being within the limits of this Commonwealth, has or hereafter shall separate himself from his wife and children, without reasonable cause, or shall neglect to maintain his wife or children, it shall be lawful for any alderman, justice of the peace or magistrate of this Commonwealth, upon information made before him under oath or affirmation by his wife or children, or either of them, or by any other person or persons, to issue his warrant to the sheriff or to any constable for the arrest of the person against whom the information shall be made as aforesaid, and bind him over, with one surety, to appear at the next Court of Quarter Sessions, there to answer the said charge of desertion."

The remedy provided by this act is not superseded by that provided by the Act of March 13, 1903, P. L. 26: Com. v. Teel, 14 Dist. R. 578; Com. v. Mills, 26 Pa. Superior Ct. 549.

The Supreme Court of this State has held in Demott v. Com., 64 Pa. 302, 305: "The Act of 1867 is designed by its own express language as an additional remedy at the instance of the deserted wife or children, or some one in their behalf. It refers to no distinct locality or settlement or charge on any one, but provides for the arrest of any husband or father 'being within the limits of the Commonwealth,' who has separated from his wife or children without reasonable cause and neglected to maintain them. The information made by the wife or children is not confined to any county or district, but may be made before any magistrate of the Commonwealth. The warrant issued not against the property, but against the person of the deserter, wherever he may be, is of a quasi-criminal nature." In that case both parties were domiciled within this Commonwealth, but resided in different counties. The same doctrine was held in Keller v. Com., 71 Pa. 413. These cases were followed by Barnes v. Com., 11 W. N. C. 375, where the defendant resided in Wyoming County, Pa., and the information was made in Luzerne County, Pa., while

the desertion had taken place in the State of California. This case holds that the Act of April 13, 1867, P. L. 78, gives jurisdiction to the Court of Quarter Sessions whenever a husband shall neglect to maintain his wife or children, without reference to where the original desertion may have been. In the case of Com. v. Hart, 12 Pa. Superior Ct. 605, the appellate court followed the rule in Barnes v. Com., 11 W. N. C. 375, further holding that "desertion is a continuing offence, and although the original act may have occurred in another state, when the defendant comes within the jurisdiction of this Commonwealth and continues the desertion of his family and the failure to support them, he undoubtedly brings himself within the provisions of the Act of April 13, 1867, P. L. 78." It is well said in Com. v. Tragle, 4 Pa. Superior Ct. 159, 162: "The purpose of the act is not to punish criminals, but to relieve dependent wives and children by providing for their maintenance. Under its provisions the Court of Quarter Sessions of any county where the complaint is made has jurisdiction of the proceedings, without regard to the residence or settlement of the defendant, and without reference to where the original desertion took place. The main inquiry is whether the exigency and wrongful neglect contemplated by the statute exist." In Com. v. Thatcher, 19 Dist. R. 985, the husband and wife were divorced, both residing in Philadelphia County, while the minor children resided with a relative of the mother in the State of New Jersey. The information was made in Philadelphia County, and the Court of Quarter Sessions of that county took jurisdiction.

While it is true that in the instant case the wife is no resident of Pennsylvania, what is to prevent her from coming into Pennsylvania and seek out her husband, and, having found him domiciled here, to invoke the aid of the law in compelling him to support her? The defendant in this case has been domiciled in so many different states of the Union that we can well conceive the difficulty of his wife gaining a residence jointly with him in any particular state. If the courts were to hold that a wife must have joint residence with her husband before suing him for support, he might readily and with certainty evade his duties and his obligations of support by renouncing one state for another for residential purposes before his neglected wife had gained a residence within the state where she might eventually locate him. Furthermore, the courts have uniformly held that desertion is a continuing offence, and that being so, it surely follows that desertion and neglect are still present the moment she crosses the border-line of a neighboring state into this Commonwealth. It is equally true that the domicile of the husband is the domicile of the wife, unless changed by her wilful act. We will, therefore, hold that this court has jurisdiction.

The defendant further maintains that he is not liable for the support of the complainant, for the reason that he procured a divorce from her in the State of Oklahoma in 1921, and, to substantiate his contention, has offered as evidence the records of the District Court of Okmulgee County, Oklahoma, which were received without objection. Over against this record, the Commonwealth offered the record of the same court, showing that the decree of divorce so entered was set aside, vacated and held for naught. This record was admitted over the objection of the defendant. The record setting aside the decree of divorce and declaring it void and of no effect is properly attested to by the clerk of the Supreme Court of the State of Oklahoma, with the seal of the court annexed, together with a certificate of the judge of said court, stating that the attestation is in due form. "The records and judicial proceedings of the courts of any state or territory, or of any such country (subject to the jurisdiction of the United States), shall be proved or admitted in

any other court within the United States by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice or presiding magistrate that the said attestation is in due form. And the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from which they are taken:" Act of Congress of May 26, 1790, as amended by the Act of March 27, 1804, § 905, U. S. Rev. Stat. 171. These records clearly show that the divorce was procured by a fraud upon the Court of Oklahoma and upon the wife, Nellie E. Smith; that the defendant had gained no residence in Okmulgee County at the time of his application for divorce, and that no service of the writ was had upon the said Nellie E. Smith, his wife. Harvey H. Smith and Nellie E. Smith are, therefore, still standing in the relation of hus-band and wife.

The judgment of the decree of divorce being revoked by the same court that had entered the decree, it necessarily follows that the alimony and support allowed in the decree is also set aside and revoked. The order of the said court allowing the petitioner, the wife, counsel fees and maintenance during the pendency of her action to set aside the decree of divorce was a temporary order that terminated with the proceedings. We, therefore, find no judgment for support of the wife standing open in any court. The wife having no means of support outside of her earning capacity and the defendant of his own will having given her $50 per week up to the month of May, 1921, from whence he has deserted her and neglected to support her, the court will now enter the following order:

And now, Oct. 6, 1924, the court orders and decrees that Harvey H. Smith, the above named defendant, pay unto the probation officer of Lehigh County, for the use and support of his wife, Nellie E. Smith, the sum of $50 each and every week until the further order of this court; enter into a recognizance of the sum of $1000, with surety to be approved by the court, and stand com-mitted until this order is complied with. This order may be modified upon petition of either party upon sufficient cause being shown.

From Calvin E. Arner, Allentown, Pa.